[Crim. No. 34805. Second Dist., Div. One. Mar. 3, 1980.]

In re BEVERLY H., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
BEVERLY H., Defendant and Appellant.

COUNSEL

Mark E. Mahler, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Howard J. Schwab and William R. Pounders, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

LILLIE, Acting P. J.—The minor appeals from order sustaining petition as a battery (§ 242, Pen. Code), a misdemeanor, a lesser and necessarily included offense in the assault with a deadly weapon, to wit,

a knife, and by means of force likely to produce great bodily injury (§ 245, subd. (a), Pen. Code) alleged therein.

Lisa G. and the minor both high school students but who did not know each other "that well," had a fight on the school grounds. A verbal exchange occurred concerning a tape and some money. Lisa hit the minor because the minor had "called [her] out"; the minor told her to wait there and she would be right back, and left. Meanwhile Lisa conversed with a friend, Diane; in a few minutes the minor returned and hit Lisa in the jaw with a closed fist, Lisa hit her in return; the minor said "You are going to get it now," and pulled a small pocket knife with folding blades from her blouse. Lisa tried to pick up a trash can to hit the minor with it but could not do so; when Lisa swung at her the minor came up under her and cut her on the hip and twice under the arm. Lisa was taken to the hospital and treated for superficial cuts.

The minor testified she was not fighting over a tape but that Lisa was bullying and verbally abusing her; she asked Lisa if she always talked to people like that, and Lisa threatened to hit her; she told Lisa to come on, and they exchanged several blows but when Lisa picked up a trash can and hit her in the back with it she pulled out a knife; when Lisa came toward her she hit her again; Lisa weighs more than she, and she was afraid of Lisa because she had seen her fight four times on the streets and thought she was pretty strong; she had seen people get hurt fighting Lisa.

■ Appellant contends the juvenile court was without jurisdiction to sustain the petition as a battery because battery was not alleged therein, and battery is not a lesser and necessarily included offense in assault with a deadly weapon, a knife, and by means of force likely to produce great bodily injury.

■ Two types of necessarily included offenses are commonly recognized in California. First, where an offense cannot be committed without committing another offense, the latter is an included offense. (*People v. Cole* (1979) 94 Cal.App.3d 854, 861 [155 Cal.Rptr. 892].) ■ We agree that under this test battery is not an offense necessarily included in assault with a deadly weapon and by means of force likely to produce great bodily injury inasmuch as such an assault may be committed without committing battery. (*People v. Yeats* (1977) 66 Cal.App.3d 874, 878 [136 Cal.Rptr. 243]; *People v. Fuller* (1975)

53 Cal.App.3d 417, 422 [125 Cal.Rptr. 837].) Second, a lesser offense is necessarily included if it is within the offense specifically charged in the accusatory pleading. (*People* v. *Cannady* (1972) 8 Cal.3d 379, 390 [105 Cal.Rptr. 129, 503 P.2d 585].) This is determined by the "accusatory pleading" test—if the facts alleged in the charging papers sufficiently notify the accused of any potential lesser included offenses, he is put on notice that he should be prepared to defend against such lesser offenses, and conviction thereof may stand. (*People* v. *Marshall* (1957) 48 Cal.2d 394, 405-406 [309 P.2d 456].) Here, the *Marshall* or "accusatory pleading" test is not applicable.

However, an additional and third test evolved from *People* v. *Collins* (1960) 54 Cal.2d 57 [4 Cal.Rptr. 158, 351 P.2d 326] and somewhat expanded in *People* v. *Cole* (1979) 94 Cal.App.3d 854, 862 [155 Cal.Rptr. 892], does apply to the case at bench. In *Collins* the court concluded that the decisive question was whether the variance "was of such a substantial character as to have misled defendants in preparing their defense." (P. 60.) The court held it was not material because of the evidence received on the preliminary hearing. The crux of *Collins*, as articulated in *People* v. *Cole* (1979) 94 Cal.App.3d 854 [155 Cal.Rptr. 892], is that a variance between the offense charged and a lesser offense of which a defendant is convicted, will be deemed material only if the defendant was misled to his prejudice and prevented from preparing an effective defense. *Cole* involved a conviction of assault with a deadly weapon (§ 245, subd. (a), Pen. Code); the issue was whether it was a lesser included offense in the crime of assault with intent to commit murder (§ 217). The court said the offense met neither test but affirmed the conviction under the third test established in *People* v. *Collins* (1960) 54 Cal.2d 57 [4 Cal.Rptr. 158, 351 P.2d 326] notwithstanding separate statutes were involved. The court held that the evidence at the preliminary hearing left no doubt that the assault with which defendant was charged involved the use of a deadly weapon. Further, the court said at page 864: "In this instance, the defense which defendant chose to present was equally appropriate to a charge of either assault with intent to commit murder or assault with a deadly weapon. Defendant has made no claim that he would have relied upon a different defense had the information specifically charged him with assault with a deadly weapon. [¶] Also, we note that defense counsel made no objection when the trial judge announced that he intended to instruct on the lesser offense of assault with a deadly weapon. In *People* v. *Ramos, supra*, 25 Cal.App.3d at pages 539-540 [101 Cal.Rptr. 230], it was held that, by his conduct at the trial, the defendant had waived the

right to complain that the court had erroneously instructed the jury that assault with a deadly weapon was a lesser included offense to the charge of assault with intent to commit murder. [¶] Under the circumstances, we conclude that defendant was properly convicted of assault with a deadly weapon, since his opportunity to prepare and defend against such a charge was in no way impaired by the fact that said offense was not charged in the information. Also, we conclude that, in this instance, the omission of said offense from the information did not result in a miscarriage of justice. (Cal. Const., art. VI, § 13.)"

To place the issue here in its proper perspective, there can be no doubt on the record before us that the minor's counsel was aware of the facts upon which the alleged assault with a deadly weapon and by force likely to produce great bodily injury was based well before the adjudication hearing, and that the minor's opportunity to prepare and defend against a battery charge was in no manner impaired by the failure to allege the same in the petition. A month before the adjudication hearing minor's counsel moved for and was granted pretrial discovery of certain documents which included, among others, all statements made by the minor and witnesses, results of all lab tests by Compton Police Department, notes of investigating officers, names and addresses of all witnesses, arrest and investigation reports, names and addresses of all witnesses the People expected to call,[1] and any reports of the school regarding the incident. This leaves no doubt that the minor's counsel was early advised of the specific conduct upon which the assault with deadly weapon (knife) and by means of force likely to produce great bodily injury alleged in the petition, was based and that the conduct involved a battery.[2] Further, the defense the minor chose to present (that the use of force was not unlawful because it was inflicted in self-defense) was equally appropriate to a charge of battery. The minor has made no claim either in the juvenile court[3] or in her opening brief here, that she would have relied upon a different defense had the petition specifically alleged a battery, that she was unaware that the specific conduct upon which the petition was based involved a battery and that she had no no-

---

[1]The only witnesses the People called at the adjudication hearing were Lisa G. and Diane H.; the defense consisted of the minor's own testimony.

[2]Battery is defined as "any willful and unlawful use of force or violence upon the person of another." (§ 242, Pen. Code.)

[3]Her statements of reasons for rehearing filed in the juvenile court after adjudication hearing, although urging dismissal of the petition on the ground the court improperly sustained the petition as a battery, a lesser and necessarily included offense, articulated no claim of lack of notice or that she was misled to her prejudice.

tice of the potential charge of battery, or that she was misled to her prejudice.

We also note that minor's counsel interposed no objection at the conclusion of the adjudication hearing when the commissioner found the minor had committed a "battery rather than a 245 . . . . A violation of 242, a lesser and necessarily included offense, a misdemeanor," a significant factor where, as here, there is no jurisdictional issue. The failure to object at the proper time was considered by *Cole* as a factor of waiver of a defendant's right to complain on appeal (94 Cal.App.3d at p. 864 [failure to object to instructions on lesser offense]). Inasmuch as there is no issue of jurisdiction here, the case of *In re Carlo S.* (1979) 94 Cal.App.3d 377 [156 Cal.Rptr. 442][4] is inapposite.

Under the circumstances we conclude that the petition was properly sustained as a battery inasmuch as the minor's opportunity to prepare and defend against such charge was in no way impaired by the failure of the People to allege it in the petition. Also here the omission of said offense from the petition did not result in a miscarriage of justice. (Cal. Const., art. VI, § 13.)

■ Finally, the minor contends she was precluded from asking a question concerning her fear of Lisa during the fight and from pursuing this line of questioning to establish self-defense. The question asked of the minor was: "Did it appear to you that you could get hurt if you continued to fight with her? and she answered "Yes." The answer was stricken on objection it was irrelevant and immaterial. The record shows, contrary to appellant's assertion, that minor's counsel was not foreclosed from asking her questions concerning her state of mind at the time of the incident. Substantial questioning of the minor on direct examination disclosed that she was afraid and felt she was in danger. She testified that Lisa is bigger than she, Lisa weighs more than she, she was afraid of Lisa because she was bigger than she, she was also afraid of Lisa because she has seen Lisa fight before, those people standing around were not her friends but "suppose to be" Lisa's, she had seen Lisa fight before—four times, these fights occurred on the street, Lisa

---

[4]In *In re Carlo S.* (1979) 94 Cal.App.3d 377 [156 Cal.Rptr. 442], the court found that the trial court was without jurisdiction to convict him because the lesser included offense was not charged, not raised by appropriate amendment and the minor was not afforded previous notice of such offense. Based upon the premise of lack of jurisdiction the court said that an accused by his silence or acquiescence may not confer jurisdiction, and lack of it may not be waived, nor may jurisdiction be stipulated. (P. 380.)

had a fight with a girl in the 10th grade, "she was smaller than she was," from observing Lisa fight she thought she was a tough fighter, from seeing her fight she thought Lisa was pretty strong; the 10th grader got hurt, the last time she saw Lisa fight was last year (1978), she has seen people get hurt from fighting Lisa. The commissioner properly sustained an objection to further questioning relating to another person being hurt in a fight with Lisa. It is clear from the testimony of the minor that she was not foreclosed by the court from testifying in the area of her fear of Lisa nor was her counsel precluded from asking questions thereon.

The order sustaining the petition is affirmed.

Hanson, J., and London, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 30, 1980.

---

*Assigned by the Chairperson of the Judicial Council.