[Crim. No. 35613. Second Dist., Div. One. May 6, 1980.]

In re WALTER S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
WALTER S., Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, J. Courtney Shevelson, Deputy State Public Defender, and Steve Schlein, Acting Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Robert F. Katz and Richard D. Marino, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

WEISZ, J.*—This is an appeal from an order declaring a minor a ward of the court due to a violation of section 499b of the Penal Code.

FACTUAL BACKGROUND

This case is, in its way, one more sad but interesting example of the breakdown of relationships and discipline within the family. The facts show that Walter, a 16 year old, was living with his father in California, while his mother resided on an Indian Reservation in Arizona. There is an indication that the minor had lived with his mother, and then come to live with his father, who had an alcohol problem. Having acquired a 1971 Mazda some two weeks prior to the arrest which occurred on May 22, 1979, the father soon found that he had another problem, this one relating to his son.

*Assigned by the Chairperson of the Judicial Council.

During the two-week period, Walter was given permission to use the car a number of times. On most if not all of those occasions, he failed to return with the car at the time he was supposed to do so. On the day in question, without permission, he either took the keys to the car from the table in the house, or found them to have been left in the car, and drove up to Hollywood. His father called the police, located Walter and through him the car since Walter apparently was known to frequent the penny arcade where he was found; then the father and a friend held Walter until the police came and took him in charge.

## THE LEGAL CONTEXT

Walter was charged with, or the petition involved here alleged he should be adjudged a ward of the juvenile court due to, a violation of section 10851 of the Vehicle Code, together with a later-dismissed count of using force upon a peace officer, apparently the arresting officer in the case. After hearing before the court, at which only the father testified, the judge indicated that he felt the evidence warranted a finding of violation either of section 10851 of the Vehicle Code or a violation of section 499b of the Penal Code. Counsel for defendant indicated that he and his client "will submit on the 499b," and the judge immediately sustained the petition by reason of a violation of section 499b.

## CONTENTIONS ON APPEAL

The first contention on appeal is that the evidence was insufficient to sustain the finding, whether as a violation of section 10851 *or* of section 499b. There is no question as to the substantiality of the evidence supporting the finding; what the minor seeks is to have an appellate court pass upon the credibility of his father in a manner contrary to that of the trial judge who has had the advantage of observing the witness. "It is not the function of this court to reassess credibility of the witnesses; that is the exclusive function of the trier of fact." (*People* v. *French* (1978) 77 Cal.App.3d 511, 523 [143 Cal.Rptr. 782]; *People* v. *Cook* (1968) 263 Cal.App.2d 638, 641 [69 Cal.Rptr. 824].) The contention is frivolous.

The second contention is that a violation of section 499b of the Penal Code is not a lesser offense included within section 10851 of the Vehicle Code, citing *People* v. *Thomas* (1962) 58 Cal.2d 121, 130 [23 Cal. Rptr. 161, 373 P.2d 97].

It is true that in *Thomas*, the Supreme Court held that section 499b is not lesser-included as a matter of law, such that a jury instruction thereon would be necessary *in every case wherein a violation of section 10851 is charged.* It does not stand for the proposition that such an instruction (that is, consideration of the possibility of the lesser charge by the trier of fact) is necessarily precluded in any particular case, nor does it hold that a conviction of the lesser charge cannot stand. Essentially, speaking through Justice White, the high court held that a definite overlapping between the two statutory enactments had to be recognized, but held that the one was not *necessarily* lesser-included within the other.

There is some relatively minor confusion still to be found in respect of lesser-included offenses, due in great part to semantic failure to indicate the practical application involved. In a very recent case, also arising from a juvenile situation, we had occasion to delineate the distinctions (*In re Beverly H.* (1980) 103 Cal.App.3d 1 [162 Cal.Rptr. 768]).

■ Firstly, there is the crime which is always and necessarily a lesser-included offense within another, greater crime. This category covers those instances wherein, as a direct matter of legal definition, the greater offense cannot have been committed without concomitantly having satisfied all the elements of the lesser one. (*People v. Thomas, supra,* 58 Cal.2d at p. 128, and cases cited; *People v. Cannady* (1972) 8 Cal.3d 379, 390 [105 Cal.Rptr. 129, 503 P.2d 585].) The classic example of this class of cases is the attempt to commit a crime, as included within the crime itself. It is a relatively small category, and can be said to have been pleaded in each instance where the greater crime is charged because the legal effect is to have included the lesser charge. (*People v. Gossman* (1949) 95 Cal.App.2d 293, 295 [212 P.2d 585].)

■ The larger and more difficult-to-delineate second category consists of a lesser offense "within the offense *specifically* charged in the accusatory pleading, as distinguished from the statutory definition of the crime" (*People v. St. Martin* (1970) 1 Cal.3d 524, 536 [83 Cal. Rptr. 166, 463 P.2d 390], italics added), and it is this category which must be more carefully analyzed. Proper resolution of issues within this area necessarily involve essential questions of fairness to all as an aspect of public policy (see Pen. Code, § 1159): notice to the defendant so that he shall have had opportunity to prepare a defense; preclusion of a re-

newed prosecution as for the lesser crime after an acquittal or a conviction (see, e.g., *People v. Doolittle* (1972) 23 Cal.App.3d 14, 19-20 [99 Cal.Rptr. 810]; *People v. Gossman, supra,* 95 Cal.App.2d 293, 295) and also practical questions of criminal procedure, such as whether the jury need be instructed, or should be instructed, on the lesser charge (see, e.g., *People v. Salas* (1978) 77 Cal.App.3d 600, 607 [143 Cal.Rptr. 755]; and *People v. Sedeno* (1974) 10 Cal.3d 703, 716 [112 Cal.Rptr. 1, 518 P.2d 913], where it is held that the court must instruct even when the defendant objects).

To resolve the issue, as we explained in *Beverly H.,* two tests have been utilized. ■ The first is identified as the "accusatory pleading" test—if the lesser offense is "specifically charged" within the accusatory pleading, in that "the facts alleged in the charging papers sufficiently notify the accused of any potential lesser included offenses, he is put on notice that he should be prepared to defend against such lesser offenses, and conviction thereof may stand. [Citation omitted.]" (*In re Beverly H., supra,* 103 Cal.App.3d at p. 5.) At this point, it would appear proper to add that all parties are put on notice, and the practical applications of the rule would come into play.

An additional test has been developed, which seems more directly applicable to appellate review. In *People v. Collins* (1960) 54 Cal.2d 57 [4 Cal.Rptr. 158, 351 P.2d 326], defendant was charged with forcible rape under section 261, subdivision 3 of the Penal Code; the victim was known to be only 15 by evidence presented as early as the preliminary hearing; and defendant had been found guilty of statutory rape under section 261, subdivision 1 of the Penal Code. The Supreme Court affirmed the conviction, not as a lesser-included offense, but on the basis that the variance between the two crimes in the context of that case was not substantial in terms of affecting the defense of the action, and carefully noted that jeopardy would attach (*People v. Collins, supra,* 54 Cal.2d at p. 60). Later cases followed *Collins,* but restricted the application to convictions of a lesser nature under a different subdivision of the same penal statute. (*People v. Lax* (1971) 20 Cal.App.3d 481, 486-487 [97 Cal.Rptr. 722]; *People v. Chavez* (1968) 268 Cal.App.2d 381, 384-385 [73 Cal.Rptr. 865]; *People v. Baca* (1966) 247 Cal.App.2d 487, 491, fn. 3 [55 Cal.Rptr. 681].) The cases involving other than subdivisions of the same statute were not accorded *Collins*-type treatment. (*People v. Cole* (1979) 94 Cal.App.3d 854, 863 [155 Cal.Rptr. 892], and cases there cited.)

In *People* v. *Cole, supra*, a significant departure took place which we believe well-taken and have followed in *Beverly H.* That case recognized that the proper touchstone was not whether the two crimes involved were contained within subdivisions of the same section in every case, but rather whether the two crimes were so like each other as to spring from the same legislative root, in which event the *Collins* rationale could properly be applied, and the propriety of a conviction of the lesser offense would depend upon whether the variance affected the defense to the action.

That is exactly the situation in the case *sub judice*. ■ Clearly, the crimes of grand theft auto (Pen. Code, § 487, subd. 3), vehicle theft (Veh. Code, § 10851) and joyriding (Pen. Code, § 499b) spring from the same basic legislative policy, and "the physical conduct prohibited by the three enactments is substantially the same" (*People* v. *Thomas, supra*, 58 Cal.2d at p. 125). Looking at the record, there can be no doubt that the variance had no effect whatever insofar as defense posture was concerned, and thus the finding as to violation of section 499b is not cause for reversal.

As is often the case, we have the additional element that counsel for defendant did not object to the judge considering the section 499b violation. On the contrary, he directly and unequivocally indicated appellant's desire to "submit" that issue; that is, to have the judge consider it as a lesser included offense. This bespeaks the nonsubstantial nature of the variance (*In re Beverly H., supra*, 103 Cal.App.3d at p. 5; *People* v. *Cole, supra*, 94 Cal.App.3d at p. 864; *People* v. *Ramos* (1972) 25 Cal.App.3d 529, 539-540 [101 Cal.Rptr. 230], and cases there cited).

The orders below are affirmed.

Jefferson (Bernard), P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 2, 1980.