[Crim. No. 21601. May 4, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT MICHAEL LOHBAUER, Defendant and Appellant.

COUNSEL

Charles L. Cassy, under appointment by the Supreme Court, for Defendant and Appellant.

Wilbur F. Littlefield, Public Defender (Los Angeles), Dennis A. Fischer and James Hallett, Deputy Public Defenders, Quinn Denvir, State Public Defender, and Jonathan B. Steiner, Chief Assistant State Public Defender, as Amici Curiae on behalf of Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Shunji Asari, Edward T. Fogel, Jr., and Roy C. Preminger, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**RICHARDSON, J.**—May a defendant be convicted of an offense which is neither specifically charged in the accusatory pleading nor "necessarily included" within a charged offense, when he does not consent to the substituted charge? We conclude that he may not.

Defendant was charged by information with the "violation of Section 459 [of the Penal Code] . . . in that . . . he entered the house of [victim] . . . with intent to commit theft," a felony. He pleaded not guilty, waived a jury trial and was tried by the court.

At trial the complainant testified that on September 15, 1978, at about 3 a.m., she awakened in the bedroom of her residence in Simi Valley to see defendant standing in the hallway outside her door. She asked him what he wanted. He did not answer but simply walked out of the house. She had never seen defendant before and no one had ever given him permission to enter the house. Defendant testified that at the time of the incident he was intoxicated and mistakenly believed he had entered the home of a woman friend whose home he never before had visited. According to defendant, this friend had invited him to "stop by at any time that day or night." Upon seeing complainant, defendant realized his mistake and immediately left her house.

Finding reasonable doubt as to whether defendant entered complainant's residence "with intent to commit theft," as charged, the trial court found him not guilty of burglary. Over defendant's objection, however, it found him guilty of "the misdemeanor offense of entering a non-commercial dwelling without the consent of the owner, a violation of section 602.5 of the Penal Code, a lesser and necessarily included offense within the crime of burglary, . . . alleged in . . . the information." (All statutory references are to the Penal Code.)

On appeal, defendant contends that the trial court erred in characterizing the section 602.5 offense found as "necessarily included" within the section 459 violation charged. Noting that he was acquitted of the burglary accusation (§ 459), he claims that the court lacked jurisdiction to find him guilty of unauthorized entry (§ 602.5). We agree.

It is fundamental that "When a defendant pleads not guilty, the court lacks jurisdiction to convict him of an offense that is neither charged nor necessarily included in the alleged crime. [Citations.] This reasoning rests upon a constitutional basis: 'Due process of law requires that an accused be advised of the charges against him in order that he may have a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial.' [Citation.]" (*People* v. *West* (1970) 3 Cal.3d 595, 612 [91 Cal.Rptr. 385, 477 P.2d 409].) As to a lesser included offense, the required no-

tice is given when the specific language of the accusatory pleading adequately warns the defendant that the People will seek to prove the elements of the lesser offense. (*Ibid.*; *People* v. *Marshall* (1957) 48 Cal.2d 394, 405 [309 P.2d 456].) However, even when the charge does not so specify, the requisite notice is nonetheless afforded if the lesser offense is "necessarily included" within the statutory definition of the charged offense; in such event conviction of the included offense is expressly authorized (§ 1159). In this connection we have said that "'"The test in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense."' [Citations.]" (*People* v. *Pendleton* (1979) 25 Cal.3d 371, 382 [158 Cal.Rptr. 343, 599 P.2d 649].) This definition may be traced to *People* v. *Greer* (1947) 30 Cal.2d 589, 596 [184 P.2d 512], and *People* v. *Krupa* (1944) 64 Cal. App.2d 592, 598 [149 P.2d 416].

■   The People concede that a violation of section 602.5 (entering a noncommercial dwelling without the consent of the owner) is not a lesser offense which necessarily is included within a violation of section 459 (burglary) under the foregoing test. A burglary may be committed by one who has permission to enter a dwelling. (*People* v. *Pendleton, supra,* 25 Cal.3d at p. 382; see *People* v. *Wetmore* (1978) 22 Cal.3d 318, 327, fn. 8 [149 Cal.Rptr. 265, 583 P.2d 1308].)

Furthermore, the People also agree that an unauthorized entry in violation of section 602.5 was not encompassed within the language of the information which charged defendant with having "entered the house of [victim] . . . with intent to commit theft." Accordingly, defendant's section 602.5 conviction cannot be sustained on the basis of any notice of the charge contained in the accusatory pleading. (See *People* v. *Marshall, supra,* 48 Cal.2d at p. 405.)   ■   Because a violation of section 602.5 was neither charged nor necessarily included within the burglary charge, defendant's conviction of the lesser offense may not be sustained "whether or not there was evidence at his trial to show that he had committed that offense." (*In re Hess* (1955) 45 Cal.2d 171, 175 [288 P.2d 5], and cases there cited.)

■   Frankly acknowledging the foregoing consequences, the People nonetheless argue that defendant's conviction is supportable if we adopt a new test for necessarily included offenses in which we would hold immaterial any variance between an offense charged and a lesser offense

of which a defendant is convicted unless "the defendant was misled to his prejudice and prevented from preparing an effective defense." This we cannot do, for it would violate previously well settled interpretations of statutory language. Section 1159 imposes statutory limitations which authorize a trier of fact to "find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense." Our prior decisions interpreting the term "necessarily included" uniformly have applied the traditional test most recently expressed by us in *Pendleton.* No satisfactory argument has been advanced for modifying that well established definition.

Further, even if section 1159 *were* susceptible of an interpretation compatible with the new standard proposed by the People, serious due process questions would be raised by its adoption, not the least of which would be the determination of when the test had been met. It may be very difficult to ascertain from developments which occur during trial whether a defendant is "misled to his prejudice" and "prevented from preparing an effective defense." It may never be known with any confidence after a conviction what defenses might have been asserted had defendant been given adequate and advance notice of the possible offenses for which he was criminally vulnerable. Insisting that he be informed in the accusatory pleading of the charges against him, on the other hand, fully satisfies a well established fundamental of due process.

The present case poses the problem fairly. The People insist that defense counsel should have been made aware, from the evidence offered at the preliminary hearing on the burglary charge, of the "specific conduct" upon which the accusation was based. Therefore, it is urged, defendant could not have been "misled" as to the possibility of his conviction of the uncharged offense of unauthorized entry. However, where the actor's state of mind is an essential element of an offense, as where it is charged that the entry is "with the intent to commit theft," notice of "conduct" alone cannot be said fairly to forewarn a defendant of other specific crimes which may be proven against him. The record before us is illustrative of the problem. Even after trial, the court, obviously focusing on the issue of "specific intent" posed by the burglary offense charged, observed: "I conclude that because of the way this case was pleaded that the defense was never put on notice that the People were going for anything but intent to commit theft." Rejecting the People's argument that "circumstantially" there could not have been any other

reason for defendant to have entered the house but with "the intent to commit theft," the court speculated aloud and at length about other reasonable explanations for his presence there. Ultimately it ruled that there was "a reasonable doubt" whether defendant entered the house with the intent alleged.

It was only after lengthy consideration of the specific intent issue—crucial for any conviction of the burglary alleged—that the court concluded defendant "is at least guilty of trespass" and that it "ought to" convict the defendant of that offense. Defense counsel made a single, brief, and unamplified response to the court's conclusion by referring to a possible defense to such charge, namely, "The Court is aware of the mistake [of] fact doctrine?" While the question is susceptible of more than one interpretation, it is reasonable to view it as an indication of defense counsel's surprise, particularly in view of the court's previous focus on the specific intent element of burglary. All of this leads us to a conclusion that even under the test proposed by the People, we could not fairly conclude from the record before us that defendant was not "misled to his prejudice and thereby prevented from preparing an effective defense." The difficulties readily apparent in attempting such a factual inquiry in the course of appellate review do not commend for adoption the proposed new definition.

The People rely on several appellate decisions applying the suggested new standard, claiming, alternatively, that such test either evolved from, or was established by, our holding in *People* v. *Collins* (1960) 54 Cal.2d 57 [4 Cal.Rptr. 158, 351 P.2d 326]. (See *In re Walter S.* (1980) 105 Cal.App.3d 475 [164 Cal.Rptr. 442]; *In re Beverly H.* (1980) 103 Cal.App.3d 1 [162 Cal.Rptr. 768]; *People* v. *Muis* (1980) 102 Cal. App.3d 206 [163 Cal.Rptr. 791]; *People* v. *Cole* (1979) 94 Cal.App.3d 854 [155 Cal.Rptr. 892].)

We do not so read *Collins.* In that case multiple defendants were charged with rape in violation of former section 261, *subdivision 3*, prohibiting sexual intercourse accomplished with force or violence. They were found guilty of rape in violation of former section 261, *subdivision 1*, prohibiting sexual intercourse with a female under the age of 18. We affirmed the convictions, concluding that these subdivisions of the former statute "do not state different offenses but merely define the different circumstances under which an act of intercourse constitutes the crime of rape." (*People* v. *Collins, supra*, 54 Cal.2d at p. 59.) We

noted specifically that defendants had notice of the circumstance of the victim's age of 15, overruling our earlier decision in *People* v. *Snyder* (1888) 75 Cal. 323 [17 P. 208], which permitted such a rape conviction "without regard to whether the defendant has had notice required by due process,..." (*Collins*, supra, at p. 59.)

The rationale of *Collins* was that one charged with forcible rape could be convicted of "statutory" rape under the same statute, provided he had adequate notice and a reasonable opportunity to prepare his defense. The force of that specific holding has been abrogated, of course, by the Legislature's repeal of subdivision 1 of section 261 and the enactment in 1970 of a separate statute, section 261.5, prohibiting sexual intercourse with a female under age 18. In any event, *Collins* had neither redefined a "necessarily included" offense within the meaning of section 1159, nor departed from the rule of that statute; it had held only that rape was one crime within that meaning. (See *People* v. *Escarcega* (1974) 43 Cal.App.3d 391, 396-397, fn. 1 [117 Cal.Rptr. 595]; *People* v. *Leech* (1965) 232 Cal.App.2d 397, 399 [42 Cal.Rptr. 745].) *Collins* is not authority for any expanded definition of "necessarily included" offenses. To the extent that *Walter S., Beverly H., Muis*, and *Cole*, all supra, adopt such a construction, they are disapproved.

We consider the proper disposition of the appeal. Defendant has been acquitted of the charge of burglary. ▇ It has long been the law that "[A] conviction or acquittal of a lesser included offense is a bar to a subsequent prosecution for the greater including offense. (*People* v. *Greer* [*supra*] 30 Cal.2d 589, 597." (*Kellett* v. *Superior Court* (1966) 63 Cal.2d 822, 828 [48 Cal.Rptr. 366, 409 P.2d 206].) Further, when a trier of fact convicts a defendant of what it mistakenly views as a necessarily included offense, as here, its judgment still constitutes an implied acquittal of the greater offense charged. In such circumstances, we have held that an attack on the validity of the conviction of the lesser offense does not undermine the binding adjudication that defendant was not guilty of the greater: "[A]ny error affecting the express verdict of guilty does not affect the conclusiveness of the implied verdict of acquittal." (*In re Hess, supra*, 45 Cal.2d at p. 176.)

Thus, the trial court's erroneous belief in the instant case that it was convicting defendant of an uncharged, necessarily included offense does not affect defendant's acquittal of the burglary offense charged, "and with respect to that charge he is entitled to his release." (*Hess*, supra, at

p. 176.) Double jeopardy protections prevent his being retried on the same charge. (See *Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592, 606; § 1023 [119 Cal.Rptr. 302, 531 P.2d 1086].)

■ Similarly, any retrial on the previously uncharged misdemeanor of violation of section 602.5 is barred. Unless joinder is prohibited or severance permitted for good cause (§ 954), all offenses of which the prosecution is or should be aware which arise out of the same act or course of conduct must be prosecuted in a single proceeding. "Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the initial proceedings culminate in either acquittal or conviction and sentence." (*Kellett* v. *Superior Court, supra,* 63 Cal.2d at p. 827.)

No good cause appears for the failure of the People to join both charges either in the original information or by appropriate subsequent amendment pursuant to section 1009. It also is readily apparent that charging defendant now for the first time with the misdemeanor violation of section 602.5 for his conduct on September 15, 1978, would run afoul of the applicable one-year statute of limitations. (§ 801; see *People* v. *Tatem* (1976) 62 Cal.App.3d 655, 658-659 [133 Cal.Rptr. 265].)

The judgment of conviction of violation of section 602.5 is reversed, and the cause is remanded to the trial court with directions to dismiss the information.

Tobriner, J., Mosk, J., Newman, J., Rattigan, J.,* and Reynoso, J.,* concurred.

**BIRD, C. J.**—I concur in the judgment of the court and its opinion. However, I would overrule *People* v. *Collins* (1960) 54 Cal.2d 57 [4 Cal.Rptr. 158, 351 P.2d 326]. The rationale of *Collins,* even when read narrowly (*ante,* at pp. 371-372), does not satisfy the due process requirement of adequate notice to an accused. (*People* v. *West* (1970) 3 Cal.3d 595, 612 [91 Cal.Rptr. 385, 477 P.2d 409].)

The rationale articulated in *Collins* subordinates elementary principles of due process to the vagaries of statutory organization. Under that decision, a person charged with begging (Pen. Code, § 647, subd. (c))

---

*Assigned by the Chairperson of the Judicial Council.

could be convicted of prostitution (Pen. Code, § 647, subd. (b)), on the theory that the various subdivisions of Penal Code section 647 do not state different offenses, but merely define the different circumstances in which one may commit the misdemeanor of disorderly conduct.[1]

Since I am unwilling to reaffirm in even a limited fashion a legal rationale that makes fundamental due process rights dependent upon accidents of criminal law codification, I would overrule *Collins.*

Respondent's petition for a rehearing was denied June 17, 1981.

---

[1]Penal Code section 647 provides in pertinent part: "Every person who commits any of the following acts is guilty of disorderly conduct, a misdemeanor:

". . . . . . . . . . . . . . . . .

"(b) Who solicits or who engages in any act of prostitution. As used in this subdivision, 'prostitution' includes any lewd act between persons for money or other consideration.

"(c) Who accosts other persons in any public place or in any place open to the public for the purpose of begging or soliciting alms."