[Crim. No. 13239. Third Dist. Oct. 16, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES RANDOLPH SMITH, Defendant and Appellant.

**COUNSEL**

Richard D. Emmot, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Nancy Sweet and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**PUGLIA, P. J.**—We consider whether an allegation in the information expressly pled to preclude a grant of probation can also add an element to the offense charged so as to increase the term of confinement to which defendant is potentially subject.

Defendant was found not guilty by reason of insanity of seven counts of committing a lewd and lascivious act upon a child under the age of fourteen years (Pen. Code, § 288). He was committed to the State Department of Mental Health for a term not to exceed 57 years. On appeal, defendant contends the court erred in calculating the maximum term of commitment under Penal Code section 667.6, subdivision (c), rather than Penal Code

section 1170.1. (All references to sections of an unspecified code are to the Penal Code.) We shall modify the order of commitment to reduce the maximum term in accordance with the views expressed herein.

The information charged defendant with seven counts of "violation of § 288 of the California Penal Code, a felony" in the following operative language: ". . . that . . . he did wilfully, unlawfully, and lewdly commit a lewd and lascivious act upon and with the body and certain parts and members thereof of Collette . . . age 12, a child under the age of fourteen years, with the intent of arousing, appealing to, and gratifying the lust, passions and sexual desires of said defendant and the said child." Added to each count were the same five allegations under section 1203.066 relating to restrictions on probation eligibility: the offense was committed by the use of force, violence, duress, menace and threat of great bodily harm (§ 1203.066, subd. (a)(1)); the offense caused bodily injury (§ 1203.066, subd. (a)(2)); defendant used a weapon during the commission of the offense (§ 1203.066, subd. (a)(4)); defendant had been convicted previously of a violation of section 261 (§ 1203.066, subd. (a)(5)); and defendant occupied a position of special trust as stepfather of the victim (§ 1203.066, subd. (a)(9)). It was also charged as to each count that in the commission thereof, defendant personally used a deadly weapon, to wit, a knife (§ 12022, subd. (b)).

Defendant originally entered pleas of not guilty and not guilty by reason of insanity. Thereafter defendant offered to withdraw his not guilty plea and stand on his insanity plea "to all counts, enhancements and the like, . . ."[1] Counsel could not agree on the maximum possible term of commitment and agreed the court could resolve the matter at a later date. The disagreement between counsel was precisely the same as that which now engages them on appeal. The court deferred decision on the maximum term but informed defendant that if it found section 667.6 applicable, defendant faced a maximum term of 68 years. With that understanding, but without waiving the point, defendant withdrew his plea of not guilty, waived jury trial and submitted the matter of his sanity on the doctors' reports. The court found defendant not guilty by reason of insanity and further found that defendant had not fully recovered his sanity (§ 1026, subd. (a)).

Section 1026.5, subdivision (a)(1), requires the court to state in the order of commitment to the state hospital the maximum term for which defendant may be kept in actual custody. For purposes of that section, the maximum

---

[1] It is not contended that the single plea of not guilty by reason of insanity does not constitute an admission as well to the charged enhancements and probation restrictions as to "the commission of the offense[s] charged." (§ 1016.)

term of commitment is the longest term of imprisonment that could have been imposed for the offenses committed by defendant if he had been so convicted, including the upper term of the base offense and any additional terms for enhancements and consecutive sentences which could have been imposed. (§ 1026.5, subd. (a)(1).)[2]

At the hearing to determine the maximum term of commitment, the prosecutor argued that although each violation of section 288 was charged in the language of subdivision (a), the allegation annexed to each count restricting probation eligibility under section 1203.066, subdivision (a)(1), supplied the essential element to constitute each count in law a charge of violation of subdivision (b) of section 288. The probation restriction allegations charged "that the act alleged above [violation of section 288] was committed by the use of force, violence, duress, menace, and threat of great bodily harm, *within the meaning of section 1203.066(a)(1) of the Penal Code.*" (Italics added.) The latter provision deals exclusively with probation ineligibility. Subdivision (b) of section 288 differs from subdivision (a) only in that it contains an additional element: the "use of force, violence, duress, menace or threat of great bodily harm."[3]

Adopting the prosecution's theory, the trial court found "the actual allegation of the conduct [proscribed] by 288(b) is contained in the four corners of each count." The court therefore calculated defendant's maximum term of commitment under section 667.6, subdivision (c), which provides in relevant part: "In lieu of the term provided in Section 1170.1, a full, separate, and consecutive term may be imposed for each violation of . . . subdivision (b) of Section 288 . . . whether or not the crimes were committed during a single transaction." Defendant was ordered committed to the State Department of Mental Health for a maximum period of confinement of 57 years.

Defendant contends the information charged violations of section 288, subdivision (a), rather than section 288, subdivision (b), and hence the pro-

---

[2]Under section 1026.5, subdivision (a)(1), the "maximum term of commitment" includes "the longest term of imprisonment which could have been imposed for the offense or offenses *of which the person was convicted* . . . ." (Italics added.) In context, the italicized phrase is misleading unless interpreted to refer to the offense or offenses of which defendant *would have been convicted* but for the finding of not guilty by reason of insanity.

[3]Section 288 provides in pertinent part: "(a) Any person who shall willfully and lewdly commit any lewd or lascivious act including any of the acts constituting other crimes provided for in Part 1 of this code upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a felony and shall be imprisoned in the state prison for a term of three, six, or eight years.

"(b) Any person who commits an act described in subdivision (a) by use of force, violence, duress, menace, or threat of great bodily harm, shall be guilty of a felony and shall be imprisoned in the state prison for a term of three, six or eight years."

visions of section 667.6, subdivision (c), permitting the imposition of full, separate and consecutive terms "for each violation of . . . subdivision (b) of section 288" are inapplicable. Had the court properly computed his confinement period with reference to section 1170.1, he asserts, the maximum term of his confinement would be 21 years.[4]

The question before us is whether in fixing the maximum term of commitment the trial court may look to a probation restriction allegation to supply an element of the offense not included in the language of the charge. We conclude it may not.

 Recently the Supreme Court considered in *People* v. *Wolcott* (1983) 34 Cal.3d 92 [192 Cal.Rptr. 748, 665 P.2d 520], whether a firearm use enhancement (§ 12022.5) is part of the accusatory pleading for the purpose of defining lesser included offenses. Holding that it was not (p. 101), the court pointed out that a use allegation does not prescribe an offense (*id.,* at p. 100; *In re Culbreth* (1976) 17 Cal.3d 330, 333 [130 Cal.Rptr. 719, 551 P.2d 23]); rather, it imposes additional punishment for an offense in which a firearm is used. Emphasizing that it becomes relevant only if the defendant is convicted of the substantive crime, the court concluded that it would disrupt the orderly procedure by which guilt is determined without reference to the enhancement if evidence of the enhancement must be considered in determining guilt of a lesser offense (p. 101). For the same reason, i.e., that the enhancement is not relevant unless and until defendant is convicted, the court doubted that the enhancement charge would provide constitutionally adequate notice to defendant that he must defend against a charge of lesser included offense (p. 101).

In the instant case, the probation restriction allegation charging use of force is not unlike the firearm use enhancement considered in *Wolcott.* It does not define a substantive offense; rather its function in the accusatory pleading is expressly to serve notice that evidence of force, violence, duress, menace or threat of great bodily harm will be offered in support of the allegation in an effort to prohibit the court from granting probation if defendant is found guilty of a violation of section 288. (See § 1203.066, subd. (d).) Like the enhancement alleged in *Wolcott,* the probation restriction

---

[4]If the maximum term is determined under section 667.6, subdivision (c), defendant will be committed for eight years on each of the seven counts of violation of section 288 to run consecutively, plus one year for the use enhancement (§ 12022, subd. (b); see *In re Culbreth* (1976) 17 Cal.3d 330, 334-335 [130 Cal.Rptr. 719, 551 P.2d 23]), totaling 57 years. If, however, the period is determined pursuant to section 1170.1, defendant will be committed for the upper term of eight years on one count of violation of section 288, two years (one-third of the middle term of six years) on each of the other six counts of violation of section 288 consecutively, plus one year for the use enhancement (§ 12022, subd. (b)) for a total of 21 years.

allegation becomes relevant only upon defendant's conviction of the substantive offense. Accordingly, it would be equally disruptive of orderly procedure if, despite its limited postconviction purpose, it was to be considered by the fact finder in determining guilt.

Moreover, the issue of constitutionally adequate notice looms at least as large here as in *Wolcott*. Notwithstanding that a violation of either subdivision (a) or (b) of section 288 is identically punishable by a term of three, six or eight years, the two subdivisions define separate, albeit related, offenses. As noted, the offense defined in subdivision (b) consists of all the elements of the offense defined in subdivision (a) plus the "use [in the commission thereof] of force, violence, duress, menace, or threat of great bodily harm." There are potential consequences uniquely attending conviction under subdivision (b) that do not apply to subdivision (a). One of these which applies when there are multiple convictions under subdivision (b) is the imposition of full, separate and consecutive terms under section 667.6, subdivisions (c) and (d), rather than consecutive terms consisting of one-third of the middle term as prescribed by section 1170.1, subdivision (a). Yet the probation restriction allegations in the information do not mention section 667.6. They do not purport to inform defendant that conviction of the offenses charged in conjunction with establishment of the probation restriction allegations will *also* render him vulnerable to full rather than mitigated consecutive terms. Notice of the consequence is provided only by charging a violation of subdivision (b) of section 288. Other postconviction consequences of which a charge of violation of subdivision (b) of section 288 serves to give the only notice are the imposition of enhancements without limitation (§ 1170.1, subd. (i)), and ineligibility for Youth Authority commitment (Welf. & Inst. Code, § 1732).[5]

This array of serious consequences cannot be set in train by a plea to a substantive charge framed in the language of subdivision (a) of section 288 without doing violence to fundamental precepts of due process unless fair notice of such consequences is given. An allegation of fact expressly pled as required by subdivision (d) of section 1203.066 to provide notice that probation ineligibility will be in issue is not such notice. From the face of the information to which he pled, defendant was entitled to assume that while a grant of probation was foreclosed, the imposition of full, separate and consecutive terms was not in issue.

---

[5]Preconviction consequences unique to a *charge* of violation of subdivision (b) not applicable to subdivision (a) include prohibition of sentence bargaining (§ 1192.5) and presumption that a minor so charged by petition under Welfare and Institutions Code section 602 is not a fit and proper subject to be dealt with as a juvenile (Welf. & Inst. Code, § 707, subd. (b)).

The probation restriction allegation is not a part of nor does it add to the substantive offense charged. The defendant was charged with violation of subdivision (a), rather than subdivision (b) of section 288, and his single plea of not guilty by reason of insanity necessarily constituted an admission of no more than was charged (§ 1016). Consequently, section 667.6, subdivision (c), is inapplicable to the determination of defendant's maximum term of confinement.

Defendant's maximum term of confinement presents a matter of simple calculation. We shall modify the order of commitment to reduce the maximum term from 57 to 21 years (see fn. 4, *ante*, p. 1104). The trial court is directed to amend the order of commitment accordingly and to furnish a certified copy forthwith to the Department of Mental Health. As modified, the judgment is affirmed.

Regan, J., concurred.

**CARR, J.**—Bonded by *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450-455 [20 Cal.Rptr. 321, 369 P.2d 937], to the holding of *People v. Wolcott* (1983) 34 Cal.3d 92 [192 Cal.Rptr. 748, 665 P.2d 520], I reluctantly concur with the majority but write separately to express my concern that the parameters of the accusatory pleading have been severely circumscribed by *Wolcott,* which seriously undercuts *People v. Marshall* (1957) 48 Cal.2d 394 [309 P.2d 456], and subsequent opinions of our Supreme Court in the wake of *Marshall.*

In *Wolcott,* the majority held the allegations of a use enhancement are not to be considered as part of the accusatory pleading for purposes of defining lesser included offenses as the use allegation does not define a separate offense but simply imposes additional punishment when a firearm is used in the commission of an offense. In the instant case, the issue is whether probation ineligibility allegations, which are required where appropriate by Penal Code section 1203.066[1] to be alleged in the accusatory pleading,[2] can be considered as part of the accusatory pleading for purposes of charging a greater offense than that alleged in the specific language of the information. I perceive no distinction between *Wolcott* and this case. The provisions of section 1203.066 do not prescribe any separate crimes. Each or all, if proved or admitted, bear on the punishment to be imposed; that is, a prohibition against the granting of probation as part of that punishment is imposed. That the conduct described in 1203.066, subdivision (a)(1) coincides

---

[1]All statutory references hereafter are to the Penal Code.

[2]Penal Code section 1203.066, subdivision (d), as pertinent, provides "[t]he existence of any fact which would make a person ineligible for probation under subdivision (a) *shall be alleged in the accusatory pleading, . . .*" (Italics added.)

with the description of the conduct which defines the greater offense of section 288, subdivision (b), from 288, subdivision (a), is irrelevant under the holding of *Wolcott*. A wise prosecutor would well allege the specific language of section 288, subdivision (b), as well as the probation prohibiting language of section 1203.066, subdivision (a)(1). That *Wolcott* and similar cases were concerned with whether a defendant could be convicted of a lesser offense than the one substantively charged in the information does not warrant a departure from the *Wolcott* holding. The threshold question in either case should be whether the defendant had adequate notice that the prosecution will seek to prove an offense not substantively and specifically charged so the defendant can adequately defend against such charge. (*People* v. *Lohbauer* (1981) 29 Cal.3d 364, 368-369 [173 Cal.Rptr. 453, 627 P.2d 183]; *People* v. *West* (1970) 3 Cal.3d 595, 612 [91 Cal.Rptr. 385, 477 P.2d 409].)

The information herein alleged that defendant "wilfully, unlawfully, and lewdly [committed] a lewd and lascivious act upon . . . the body . . . of [Collette D.], age 12 . . . with the intent of arousing, appealing to, and gratifying the lust, passions, and sexual desires of the . . . defendant and . . . child." This essentially alleges a violation of section 288, subdivision (a). Following this allegation the information states "the act above was committed by the use of force, violence, duress, menace, and threat of great bodily harm within the meaning of section 1203.066 of the Penal Code." This language is virtually identical to that of section 288, subdivision (b), except for the inclusion of "within the meaning of section 1203.066." Section 1203.066, subdivision (a)(1) provides a person will not be granted probation when he has been convicted of section 288 and the act was committed by the use of force, violence, duress, menace, or threat of bodily harm. The use of force described in section 1203.066, subdivision (a)(1) is in no way different from that in section 288, subdivision (b). The modifying language "within the meaning of section 1203.066," does not change the fact that all elements necessary for a section 288, subdivision (b) offense had been alleged.

The probation ineligibility allegation to preclude a grant of probation, once alleged, must be "either admitted by the defendant in open court, or found to be true by the jury trying the issue of guilt or by the court where guilt is established by plea of guilty or nolo contendere or by trial by the court sitting without a jury." (§ 1203.066, subd. (d).) By withdrawing his plea of not guilty and standing on his plea of not guilty by reason of insanity, defendant admitted the probation ineligibility allegations (§ 1016) including that conduct which raises a 288 offense to a 288, subdivision (b) offense. Nor does the record demonstrate that defendant was not fully apprised that his potential sentence could be as much as 68 years. At the trial ready

conference on August 5, 1983, defendant's counsel indicated, and the defendant subsequently verified, that "Mr. Smith understands that if Mr. Ramsey's [the prosecutor] interpretation is correct, he could be looking at as much as 68 years confinement, and with that understanding still wishes at this time to withdraw his not guilty plea . . . [and] proceed strictly on the basis of the NGI [not guilty by reason of insanity plea]."

Defendant had notice the prosecution intended to prove the use of force under section 1203.066, subdivision (a)(1) and could, accordingly, be expected to defend against such an allegation as vigorously as if section 288, subdivision (b) had been expressly alleged in one concise paragraph had he not chosen to withdraw his not guilty plea.

As illustrated by this case, there are problems inherent in imposing a blanket exclusion of all allegations not directly a part of the substantive charging allegations from an accusatory pleading. A better approach would be to allow use enhancement, probation ineligibility, and similar allegations to be considered a part of the accusatory pleading to the extent such consideration would not violate due process. Any simplicity gained by allowing courts to disregard these type of allegations for pleading purposes, suggested as a basis for the *Wolcott* decision, will result in a corresponding loss of flexibility in the formulation of accusatory pleadings and represents a step backwards from the general relaxation and simplification of pleading requirements which has been the trend for decades.