Filed 8/18/16  P. v. Blair CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MAURICE LEON BLAIR,<br><br>    Defendant and Appellant. | C079867<br><br>(Super. Ct. No. 15F00078) |

A jury found defendant Maurice Leon Blair guilty of first degree burglary.  (Pen. Code, § 459.)[1]  After finding true the allegation that defendant was previously convicted of a strike offense, the trial court sentenced him to eight years in state prison.

On appeal, defendant contends the trial court failed to properly instruct the jury on first degree burglary, erred in refusing to instruct the jury on trespass as a lesser included

---

[1]    Undesignated statutory references are to the Penal Code.

1

offense of burglary, and abused its discretion in refusing to strike defendant's prior strike conviction. We affirm the judgment.

## BACKGROUND[2]

On January 3, 2015, Yolanda Arde returned to her home after being gone for a week. Her fence was kicked in and her key would not work in the front door. She forced her way into the house and saw the house had been vandalized. She then saw a woman in a towel running from a bedroom to a bathroom.[3] Arde called the police and waited at the entryway of the house.

The police soon arrived and brought defendant out of the bathroom. The police searched defendant and found an ID card, a bracelet, a pocket knife, and a MP3 player in his pocket. He said he found them on the floor; all the items belonged to Arde. The police inspected the property and found the locking mechanism for the rear sliding glass door was tampered with. Arde also inspected the property and found many items missing; she also found several items in the house that did not belong to her.

The People charged defendant with first degree residential burglary. (§ 459.) The People also alleged defendant was previously convicted of first degree burglary, a strike offense. (§§ 667, subds. (b)-(i), 1170.12.) A jury found defendant guilty as charged and the trial court found true the prior strike conviction.

Prior to sentencing, defendant moved the trial court to strike his prior conviction for burglary. Following argument, the trial court ruled as follows: "I have considered the defendant's age, the number of priors he has suffered as an adult, his previous incarcerations, the nature and circumstances of the defendant's past and present

---

[2]    Additional facts are included in the discussion below where they are relevant.

[3]    Defendant was in the house with his girlfriend. The girlfriend later pleaded guilty to misdemeanor trespassing.

2

convictions, and the interest of society and the letters that were submitted on his behalf. [¶] Based on all of those things, I deny the motion to strike."

The trial court subsequently sentenced defendant to the middle term of four years, doubled to eight years based on the prior strike. The court ordered defendant to pay various fines and fees and awarded him 336 days of custody credit.

A. *The Trial Court Properly Instructed the Jury on First Degree Burglary*

Defendant contends the trial court erred in instructing the jury that the People were not required to prove defendant knew the residence was inhabited in order to convict him of first degree burglary. Defendant is wrong. It is well-settled that "neither section 459 nor section 460 contains any requirement that a defendant have knowledge that a dwelling house is inhabited in order to commit the crime of first degree burglary." (*People v. Guthrie* (1983) 144 Cal.App.3d 832, 847.) Defendant asks this court to manufacture such a requirement, we will not. We find no error.

B. *Defendant Was Not Entitled to an Instruction On Trespass as a Lesser Offense*

A trial court must instruct on a requested lesser offense if there is substantial evidence that would absolve a defendant of guilt of the greater offense but not the lesser. We review the question de novo. (*People v. Manriquez* (2005) 37 Cal.4th 547, 584.)

The amended information described the offense charged as "unlawfully enter[ing] the inhabited dwelling house . . . of YOLANDA ARDE, with the intent to commit larceny and any other felony." Defendant argued at trial that when he entered the dwelling, he did so only with the intent to trespass. The trial court concluded that under our Supreme Court's decision in *People v. Birks* (1998) 19 Cal.4th 108 (*Birks*), trespass was not a lesser included offense of the charged burglary. Defendant renews the argument on appeal.

Defendant concedes trespass is not a lesser included offense under the statutory elements test, because the elements differ in that one can commit burglary even with consent to enter a residence. (*People v. Lohbauer* (1981) 29 Cal.3d 364, 368-369; *Birks,*

3

*supra*, 19 Cal.4th at p. 118, fn. 8.)  Nevertheless, he asserts the California Supreme Court has not decided the question of whether trespass may be a lesser included offense of burglary under the accusatory pleadings test.  He argues that, based on the allegations of the amended information in this case, trespass is a lesser included offense of the charged burglary.

The Supreme Court in *Lohbauer* concluded trespass is "not encompassed within the language of the information which charged defendant with having 'entered the house of [victim] . . . with intent to commit theft [i.e., burglary].' " (*People v. Lohbauer, supra*, 29 Cal.3d at p. 369.)  Likewise, in *Birks, supra*, 19 Cal.4th 108, which stated:  "[T]he allegations [of burglary] set forth in Count 1 of the instant information [did not] necessarily include criminal trespass.  Count 1 simply alleged that defendant 'did willfully and unlawfully enter a commercial building . . . with intent to commit larceny and any felony.' " (*Id.* at p. 118, fn. 8.)  Based on the similarity of the allegations in the amended information here to the allegations of the accusatory pleadings in *Lohbauer* and *Birks*, we conclude the burglary alleged in the information did not necessarily include the offense of trespass.  It simply alleged defendant "unlawfully enter[ed] the inhabited dwelling house . . . of YOLANDA ARDE, with the intent to commit larceny and any other felony."  The unlawful entry of a building, as alleged in this case, is not the same as entry without consent for the offense of trespass.  If a defendant enters with the intent to commit theft, it is that intent that makes the entry unlawful and, unlike trespass, he or she is guilty of burglary even if the defendant was invited onto the premises.

Defendant purports to find a distinction in *Birks* because it involved second degree commercial burglary rather than first degree residential burglary.  We do not discern the difference.  The point of the dictum is that alleging "unlawful" entry is not the equivalent of alleging entry without consent, which would implicate trespass.  Furthermore, although the language in *Birks* is dicta, we find its reasoning persuasive.  We thus find no error.

4

*C. The Trial Court Did Not Abuse Its Discretion When It Denied Defendant's* Romero *Motion*

Defendant argues the trial court abused its discretion by failing to dismiss his prior strike conviction. We disagree.

Trial courts have discretion under section 1385 to dismiss a prior strike when a court finds a defendant falls outside the spirit of the "Three Strikes" law. (§ 1385; *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 529-530.) In deciding whether to exercise this discretion, the court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

Appellate courts review a trial court's "failure to dismiss or strike a prior [felony] conviction allegation . . . under the deferential abuse of discretion standard." (*People v. Carmony* (2004) 33 Cal.4th 367, 374.) A trial court will not abuse its discretion "unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.) As such, "a trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances." (*Id.* at p. 378.)

Defendant argued at trial that his current offense was relatively minor because no one was physically injured, that the crime was mitigated further by his belief that he had permission to be in the home, that he committed the crime trying to provide for his family, and that his prior strike was remote in time. He renews those arguments on appeal. The trial court was not persuaded and neither are we.

Defendant's present felony offense for first degree burglary is a serious and violent offense. (See §§ 667, subds. (b)-(i), 1170.12.) Defendant's prior strike offense was in 1997; it too was for first degree burglary (§ 459). Prior to the strike offense in

5

1997, defendant was convicted of receiving stolen property (§ 496). After the strike offense, defendant twice violated his probation and was committed to state prison for two years.

In 1999 defendant was again convicted of receiving stolen property (§ 496); he was sentenced to four years in prison and was "subsequently released to the community." Following his release, however, defendant was returned to prison on four separate occasions after violating his parole.

In 2010, defendant was convicted of battery against a former girlfriend (§ 243, subd. (e)(1)). He was given formal probation then violated his probation twice resulting in additional jail time. While on probation, he was convicted of disobeying a restraining order (§ 273.6). Defendant was, again, awarded probation and, again, he violated his probation twice resulting in additional jail time.

In 2011, defendant was convicted of writing a check against insufficient funds (§ 476, subd. (a)) and in 2013 he was convicted of burglary (§ 459). Defendant was on probation for the 2013 burglary conviction when he committed the present felony offense.

In sum, defendant has demonstrated a continuous inability to reform his behavior to that of a law-abiding citizen. Although his record suggests a brief period of lawfulness, it is clear from defendant's criminal history that this was an aberration. Only under extraordinary circumstances may "a career criminal . . . be deemed to fall outside the spirit of the very scheme within which he squarely falls." (*People v. Strong* (2001) 87 Cal.App.4th 328, 338.) As such, we cannot conclude the trial court's judgment that defendant's proclivity for crime outweighed any other mitigating factors was so irrational or arbitrary as to amount to an abuse of discretion.

DISPOSITION

The judgment is affirmed.

                                                             NICHOLSON      , Acting P. J.

We concur:

         BUTZ             , J.

         DUARTE          , J.