Filed 2/15/22  P. v. Ramirez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JULIAN URQUIZO RAMIREZ, SR.,<br><br>Defendant and Appellant. | F079325<br><br>(Super. Ct. No. DF013230A)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Charles R. Brehmer, Judge.

Carlo Andreani, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri, Darren K. Indermill and Eric L. Christoffersen, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

### INTRODUCTION

A jury convicted defendant of sexual intercourse or sodomy of a child 10 years old or younger (Pen. Code, § 288.7, subd. (a); count 1), oral copulation or sexual penetration of a child 10 years old or younger (§ 288.7, subd. (b); count 2), continuous sexual abuse

of a child (§ 288.5, subd. (a); count 3), and lewd and lascivious acts on a child under 14 years old (§ 288, subd. (a); count 4). The jury also found true enhancement allegations to counts 3 and 4 that defendant was convicted of offenses against multiple victims within the meaning of section 667.61, subdivision (e)(4). The court sentenced defendant to 25 years to life on counts 1 and 3, and 15 years to life on counts 2 and 4.

Defendant argues his sentence on count 4 was unauthorized because the accusatory pleading did not charge him with the offense of which he was convicted or the multiple victim circumstance enhancement as to that count. He also argues his sentence on count 3 was unauthorized because he was sentenced under Penal Code section 667.61, subdivision (j)(2), though that provision was not referenced in the information. He further argues the jury instructions resulted in prejudicial error because they erroneously negated the age element of certain offenses. He also contends the court erred in failing to instruct the jury sua sponte on unanimity. Finally, he alleges the court failed to exercise informed discretion in sentencing him to consecutive terms and his counsel provided ineffective assistance at the sentencing hearing.

We reject all of defendant's contentions and affirm the judgment.

## FACTUAL BACKGROUND

Defendant was charged with multiple counts of sexual abuse of Jane Doe 1 and Jane Doe 2. Between 2007 and 2011, Jane Doe 2, her parents and her siblings— including Jane Doe 1—lived with defendant and his wife. They moved in with defendant and his wife after Jane Doe 2 finished the fourth grade. While living there, Jane Doe 2 had fairly regular contact with defendant and he began to behave inappropriately toward her.

She recalled the first incident occurred in the summer of 2008 when she was 11 years old. Defendant told Jane Doe 2 and her sister Jane Doe 1 that, before he would take them to get snow cones, "he had to do what in Spanish is called 'abionito,'" which meant pretending "to be an airplane." Defendant took turns grabbing them "from [their] vaginal

2.

areas and from [their] breasts," lifting them up, and swinging them up and around. While he was swinging them around, he continued to touch their vaginal areas and their breasts. Jane Doe 2 testified defendant did this about three times between the summer of 2008 and December 29, 2011. She recalled one time defendant took her and Jane Doe 1 to his room afterward, and he tried to put Jane Doe 2 against his bed. He pulled her pants down and he put his mouth on her vaginal area on top of her underwear. Jane Doe 2 "started freaking out," and she ran off; defendant did not pursue her. She ran around the block before reentering the house and went straight to the shower.

Jane Doe 2 testified defendant was very inappropriate. She explained, for years, he would regularly "smack [her] butt" and, whenever he had the chance, he would make her sit on his lap so he could touch her legs. Eventually, Jane Doe 2 became aware defendant was abusing Jane Doe 1. At the end of 2015, Jane Doe 2 told her parents about what happened and they stopped having contact with defendant. Jane Doe 2 also reported defendant to the police in 2015 and again in 2017.

Jane Doe 1 also testified about living with defendant beginning in 2007. She recalled him touching her several times in a way that made her feel uncomfortable. During the first incident she recalled, Jane Doe 1 wanted a rice pudding cup. Defendant told her if she wanted it he was going to do something to her and it was not going to hurt. He then took her to the couch, pulled down her pants, and licked her vagina. Afterwards, he said "'See, it didn't hurt,'" and he gave her a rice pudding cup. She was eight or nine years old and in the third grade when that incident occurred. She testified it happened multiple times, more than once a week. As Jane Doe 1 grew older, the abuse became worse. Defendant would always start with oral sex and then started having sexual intercourse with Jane Doe 1 in 2008, when she was in the third grade. She reported it happened "all the time, all year"; she was 10 or 11 years old at the time. Defendant continued to abuse Jane Doe 1 more than once a week until she was in the sixth grade. He stopped after she told him she "didn't want to" and he learned she had started her

3.

period.  Jane Doe 1 explained defendant would reward her and Jane Doe 2 with things like $1, $5, fries, and ice cream.  She recalled him licking their ears and putting his tongue in their mouths.  When Jane Doe 1 was a sophomore in high school, defendant picked her up from school and apologized to her for what he had done to her.  He asked her for forgiveness.  She told her mother about the abuse in 2015 and her mother confronted defendant.

In 2018, Jane Doe 1 and Jane Doe 2 participated in two recorded pretext calls with defendant in which they tried to get him to talk about the charged acts.  The prosecution introduced the calls at trial.  During the second pretext call, Jane Doe 1 asked defendant if he recalled picking her up from school when she was in the 10th grade, and defendant responded, "[H]ow could I not?  Because that's when I asked for your forgiveness, honey, I remember."  Defendant said he remembered telling her he should not have touched her and it was wrong.  Jane Doe 1 told defendant he made her look like a liar when she told her mom and defendant responded:

> "Yes, honey, … forgive me.  But, I felt … much worse because can you imagine what it's like …, they're asking me questions, … and I want you to know that in that moment I wanted the earth to split open and swallow me, honey.  Because it was like a nightmare … when your dad spoke with me and then he told me that … they were going to file a report on me so they could lock me up.  I was already on my way over there to the police but then I spoke with Saul and he told me, 'No, look, wait."  But I was already on my way there, honey, for them to lock me up and see if then I'd be able to pay some of my fault.  Believe me that I felt that way, honey."

Jane Doe 1 asked defendant why he would touch and kiss her and Jane Doe 2.  Defendant repeatedly asked Jane Doe 1 for forgiveness and stated he was "guided by affection."  He further stated he was "being an animal, being a beast" and that he "regret[ted] it a lot."  He told Jane Doe 1 that the day he picked her up from school it had "been several years that I hadn't touched you."  He told her he knew "all of this" was "hurting" her, she was an "innocent girl," he was the "guilty one."  Jane Doe 1 asked

4.

defendant if it was "just us or did you do it to someone else?" Defendant responded it was Jane Doe 1 "more than anyone." He recalled "play[ing]" with Jane Doe 2, stating he "would play flying the airplane with her" where he twirled her around in the air. But "[he] never touched her like [he] touched" Jane Doe 1. Defendant acknowledged he made "several errors" not just one because it was not "just one occasion, there were several." Jane Doe 2 then spoke to defendant and he also apologized to her "for all the acts of savagery, the stupid things [he] did." He apologized for playing "fly airplane" with her. He told her he would be "willing to go to jail" if it would help Jane Doe 1 in some way.

After the close of the prosecution's evidence, defense counsel moved to dismiss counts 1 and 2 as to the Penal Code section 288.7, subdivisions (a) and (b) allegations related to a child under 10. He argued that "[t]he witness could not state with certainty that she was under 11 on any of the times of those events." The prosecutor responded Jane Doe 1 "testified that the oral copulation occurred in third grade. She was either eight or nine at the time, both of which are ten or younger. [¶] She said that that occurred prior to any intercourse occurring and she later testified that intercourse happened all year during 2008 during which year she would have been nine years old for most of the year except two days at the very end when she would have been 10, both of which are 10 years or younger." The court denied defendant's motion, concluding there was sufficient evidence for a reasonable juror to find defendant guilty as to counts 1 and 2 without speculating.

The jury convicted defendant of sexual intercourse or sodomy of Jane Doe 1, a child 10 years old or younger (Pen. Code, § 288.7, subd. (a); count 1), oral copulation or sexual penetration of Jane Doe 1, a child 10 years old or younger (§ 288.7, subd. (b); count 2), continuous sexual abuse of Jane Doe 1, a child (§ 288.5, subd. (a); count 3), and lewd and lascivious acts on Jane Doe 2, a child under 14 years old (§ 288, subd. (a); count 4). The jury also found true enhancement allegations to counts 3 and 4 that

5.

defendant was convicted of offenses against multiple victims within the meaning of section 667.61, subdivision (e)(4). The court sentenced defendant to 25 years to life on counts 1 and 3, and 15 years to life on counts 2 and 4, with all the sentences to run consecutively.

## DISCUSSION

### I. Defendant Was Properly Convicted of a Violation of Penal Code Section 288, Subdivision (a) in Count 4

Defendant first contends the court lacked jurisdiction to convict him of a violation of Penal Code section 288, subdivision (a) (lewd or lascivious act on a child under the age of 14) in count 4 because such an offense was neither charged nor necessarily included in the crime alleged in count 4, to which defendant pleaded not guilty—a violation of section 288.7, subdivision (b) (oral copulation or sexual penetration with a child 10 years of age or younger). He argues his conviction on count 4 should be reversed with directions to bar further proceedings on that count.

#### A. Relevant Procedural History

On July 10, 2018, defendant was arraigned on an information alleging five counts: count 1: sexual intercourse or sodomy of Jane Doe 1, a child 10 years old or younger, (Pen. Code, § 288.7, subd. (a)); count 2: oral copulation or sexual penetration of Jane Doe 1, a child 10 years old or younger (§ 288.7, subd. (b)); count 3: continuous sexual abuse of Jane Doe 1, a child (§ 288.5, subd. (a)) with a multiple victim enhancement pursuant to section 667.61, subdivision (e)(4); count 4: oral copulation or sexual penetration of Jane Doe 2, a child 10 years old or younger (§ 288.7, subd. (b)); and count 5: continuous sexual abuse of Jane Doe 2, a child (§ 288.5, subd. (a)) with a multiple victim enhancement pursuant to section 667.61, subdivision (e)(4). He entered a plea of not guilty to all counts.

A minute order reflects that on April 2, 2019, the prosecutor moved to amend the information as to count 4 to a felony violation of Penal Code section 288, subdivision (a)

and to dismiss count 5. The order further states defense counsel stipulated to the perfected arraignment. The clerk of the superior court filed an affidavit in this court averring that no physical document entitled "Amended Information" was filed in this case; rather, the charges "were amended verbally in open court on 04/02/19." Defendant entered a plea of not guilty to all counts. The amended information was then "deemed" filed.

**B.     Standard of Review and Applicable Law**

California law requires an accusatory pleading to contain a "statement of the public offense or offenses charged therein." (Pen. Code, § 950, subd. 2.) "'It is fundamental that "When a defendant pleads not guilty, the court lacks jurisdiction to convict him of an offense that is neither charged nor necessarily included in the alleged crime. [Citations.] This reasoning rests upon a constitutional basis: 'Due process of law requires that an accused be advised of the charges against him in order that he may have a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial.' [Citation.]" (*People v. West* (1970) 3 Cal.3d 595, 612 [citations].)'" (*People v. Thomas* (1987) 43 Cal.3d 818, 823; see *People v. Lohbauer* (1981) 29 Cal.3d 364, 368.)

**C.     Analysis**

Defendant asserts the court lacked jurisdiction to convict him of a Penal Code section 288, subdivision (a) offense (lewd or lascivious act on a child under the age of 14) that was neither charged nor included in the section 288.7, subdivision (b) crime he alleges was charged in count 4, to which he pleaded not guilty. He contends his conviction of count 4 should be reversed with directions to bar further proceedings on that count. The People respond the information was amended to charge defendant with lewd and lascivious conduct with a child under 14 in violation of section 288, subdivision

7.

(a) in count 4 as evidenced by the record. In his reply brief, defendant does not respond to the People's contention regarding the amended information.

Here, the record comports with the People's argument. It reflects, before trial began, defendant pleaded not guilty to an amended information that charged him with the offense of which he was convicted in count 4.

Accordingly, we reject defendant's first contention.

## II. Jury Instructions Did Not Eliminate the Age Elements of Counts 1 and 2

Defendant next contends the court prejudicially erred in instructing the jury in a manner that allowed the jury to convict him of counts 1 and 2 even if the age element had not been proven.

### A. Relevant Procedural History

Before trial, the court read the charges to the jury, stating with regard to counts 1 and 2, defendant is accused by the Information of the following crimes:

"Count 1: On or about and between January 1, 2007 and December 29, 2011, [defendant] did willfully engage in sexual intercourse or sodomy with a child, who is ten years old or younger, to wit, Jane Doe 1, … in violation of Penal Code Section 288.7(A), a felony.

"Count 2: On or about and between January 1, 2007 and December 29, 2011, [defendant] did willfully engage in oral copulation or sexual penetration of a child, who is ten years old or younger, to wit, Jane Doe 1, … in violation of Penal Code Section 288.7(B), a felony."

At the jury instruction conference, the court noted it planned to read a modified version of CALCRIM No. 207, "which would simply state it is alleged that the crimes occurred on or about and between January 1, 2007 and December 29, 2011." Both the prosecutor and defense counsel agreed to the modification and neither party objected to the instruction. Accordingly, the court instructed the jury with the modified instruction.

The court also instructed the jury:

"The defendant is charged in Count 1 with engaging in sexual intercourse with a child 10 years of age or younger. [¶] To prove that the defendant is

8.

guilty of this crime the People must prove that: One, the defendant engaged in an act of sexual intercourse with Jane Doe Number 1; two, when the defendant did so, Jane Doe Number 1 was 10 years of age or younger; three, at the time of the act, the defendant was at least 18 years old. [¶] Under the law, a person becomes one year older as soon as the first minute of his or her birthday has begun."

The court further instructed the jury:

"The defendant is charged in Count 2 with engaging in oral copulation with a child 10 years of age or younger. [¶] To prove that the defendant is guilty of this crime, the People must prove that: One, the defendant engaged in an act of oral copulation with Jane Doe Number 1; two, when the defendant did so, Jane Doe Number 1 was 10 years of age or younger; three, at the time of the act, the defendant was at least 18 years old. [¶] Under the law, a person becomes one year older as soon as the first minute of his or her birthday has begun."

During closing argument, the prosecutor reiterated the age element of count 1, which requires:

"When that act happened, the victim in this case, Jane Doe Number 1, was 10 or younger. So if she's 10, it counts. If she's 9, 8, 7, it counts. If she's 11, it doesn't count, so 10 years or younger."

The prosecutor further described Jane Doe 1's testimony in support of the age element of count 2:

"On this one, [Jane Doe 1] described how, from the very beginning, the first time she remembers the defendant would lick her vagina during these acts. Number two, at the time she was 10 years of age or younger. Same thing, 10, 9, okay. 11, not okay."

In closing argument, defense counsel challenged whether the evidence established the age element of different offenses, asking, "So if we're talking about the counts involving [Jane Doe 1], was the evidence reliable as to age? [¶] [C]an you say beyond a reasonable doubt with an abiding certainty, meaning a continuing conviction, that she was below the age at the time of the acts. And can you point to a specific act that would allow you to do that? We have a timeline jumping all over the place by somebody." He explained, "So you could conceivably have the element of this crime of the sexual

9.

penetration or the oral copulation but without having reliable credible evidence that it occurred within the time frame, which leaves you for [Jane Doe 1], Count 3, which doesn't have that time frame."  He further argued there was a lack of sufficient credible evidence of the age element as to count 4 as well.

**B.     Standard of Review**

Appellate courts apply the de novo standard of review to claims of instructional error.  (*People v. Riviera* (2019) 7 Cal.5th 306, 326; *People v. Posey* (2004) 32 Cal.4th 193, 218.)  "'It is fundamental that jurors are presumed to be intelligent and capable of understanding and applying the court's instructions.'  [Citation.]  When a defendant claims an instruction was subject to erroneous interpretation by the jury, he must demonstrate a reasonable likelihood that the jury misconstrued or misapplied the instruction in the manner asserted.  [Citation.]  In determining the correctness of jury instructions, we consider the entire charge of the court, in light of the trial record.  [Citation.]"  (*People v. Covarrubias* (2016) 1 Cal.5th 838, 926.)

**C.     Analysis**

Defendant asserts the information alleged, and "[t]he trial court charged the jury," that counts 1 and 2 occurred on or about and between January 1, 2007, and December 29, 2011.  He argues, "On the outer limit of the alleged dates, December 29, 2011, [Jane Doe 1] would have been almost 13 years old," but counts 1 and 2 required the sexual intercourse and oral copulation with Jane Doe 1 to have occurred when she was 10 years of age or younger.  Accordingly, he contends, the "instructions erroneously extended the time period for counts one and two's age element well beyond under 11 years of age" and relieved the People of their burden to prove every element of the charged offenses beyond a reasonable doubt in violation of defendant's due process rights.  The People respond the court's instructions on counts 1 and 2 properly informed the jury of the elements necessary to convict defendant of those offenses.  They argue nothing in the

10.

court's explanation of the general time frame of when all of the offenses occurred "could be understood to have changed the age requirements of counts 1 and 2." We agree with the People.

First, "'[a] party may not complain on appeal that an instruction correct in law and responsive to the evidence was too general or incomplete unless the party has requested appropriate clarifying or amplifying language.'" (*People v. Covarrubias*, *supra*, 1 Cal.5th at p. 901.) And defendant failed to object to the modified CALCRIM No. 207 instruction or ask that it be clarified or further modified. He also did not object to the language of the information read to the jury by the court. However, he argues the court's instructions impacted an element of the charged offenses, and instructions regarding the elements of a crime affect a defendant's substantial rights. Accordingly, we review the alleged instructional error to determine whether the challenged instruction resulted in a miscarriage of justice. (Pen. Code, § 1259; *People v. Hardy* (2018) 5 Cal.5th 56, 91; *People v. Rojas* (2015) 237 Cal.App.4th 1298, 1304.)

We conclude defendant's claim must be rejected on the merits. Defendant was charged in counts 1 and 2 with violations of Penal Code section 288.7 that occurred "[o]n or about and between January 1, 2007 and December 28, 2011." An essential element of the offenses proscribed by section 288.7 is that the child must have been 10 years of age or younger. (See *People v. Mendoza* (2015) 240 Cal.App.4th 72, 79–80.) As given, the jury instructions correctly stated the age elements of counts 1 and 2. And we are not confronted with a situation in which the jury was given plainly conflicting instructions, one of which was erroneous on its face. (See *People v. Rojas*, *supra*, 237 Cal.App.4th at p. 1304 ["CALCRIM No. 207 accurately states the general rule that when a crime is alleged to have occurred 'on or about' a certain date, it is not necessary for the prosecution to prove the offense was committed on that precise date, but only that it happened reasonably close to that date"]; cf. *People v. Ngo* (2014) 225 Cal.App.4th 126, 153.)

Viewing the charge as a whole, we cannot conclude there is a reasonable likelihood the jury misconstrued or misapplied the court's admonition the crimes occurred on or about and between January 1, 2007, and December 29, 2011, to disregard the age element for counts 1 and 2. Contrary to defendant's contentions, nothing about the accusatory pleading or jury instructions informed the jury they should ignore or otherwise discount the age element of each offense. Rather, the court's instructions as a whole informed the jury that age was an essential element of each offense and it further directed the jurors to consider the instructions together. We presume the jury followed these instructions. (See *People v. Sanchez* (2001) 26 Cal.4th 834, 852 ["Jurors are presumed able to understand and correlate instructions and are further presumed to have followed the court's instructions"].)

Furthermore, both the prosecutor and defense counsel emphasized the age elements of the different offenses in their closing arguments. In support of his contention, defendant highlights the prosecutor's closing argument discussion of count 3, in which he argued the acts giving rise to count 3 all occurred when Jane Doe 1 was under the age of 14, stating "she's under 14 through all of these acts, and also talking about the dates that are alleged, it ends in 2011 when she's under 14." We disagree the jurors could reasonably construe the prosecutor's referenced comment related to count 3 as relieving them of the duty to find the age element of counts 1 and 2 beyond a reasonable doubt. Rather, on this record, we conclude there is no reasonable likelihood the jury understood the court's instructions to permit convictions of the charged offenses based on conduct that occurred when Jane Doe 1 was not the requisite statutory ages.

We reject defendant's second contention.

## III. Defendant Was Not Prejudiced by the Lack of a Unanimity Instruction

Defendant next argues the court prejudicially erred in failing to instruct the jury sua sponte on unanimity.

## A.    Standard of Review and Applicable Law

We independently review whether jury instructions correctly state the law. (*People v. Posey*, *supra*, 32 Cal.4th at p. 218.)  Review of the adequacy of instructions is based on whether the trial court "'fully and fairly instructed on the applicable law.'" (*People v. Martin* (2000) 78 Cal.App.4th 1107, 1111.)

"In a criminal case, a jury verdict must be unanimous" and "the jury must agree unanimously the defendant is guilty of a *specific* crime." (*People v. Russo* (2001) 25 Cal.4th 1124, 1132; accord, *People v. Covarrubias*, *supra*, 1 Cal.5th at pp. 877–878.) "Therefore, cases have long held that *when the evidence suggests more than one discrete crime*, *either the prosecution must elect among the crimes or the court must require the jury to agree on the same criminal act*.  [Citations.]  [¶] This requirement of unanimity as to the criminal act 'is intended to eliminate the danger that the defendant will be convicted even though there is no single offense which all the jurors agree the defendant committed.'" (*People v. Russo*, *supra*, at p. 1132, italics added; accord, *People v. Covarrubias*, *supra*, at p. 878; see *People v. Brown* (2017) 11 Cal.App.5th 332, 341.) "'The [unanimity] instruction is designed in part to prevent the jury from amalgamating evidence of multiple offenses, no one of which has been proved beyond a reasonable doubt, in order to conclude beyond a reasonable doubt that a defendant must have done *something* **s**ufficient to convict on one count.'" (*People v. Russo*, at p. 1132.)

The California Supreme Court has acknowledged "[s]ome cases [have] found harmless any error in failing either to select specific offenses or give a unanimity instruction, if the record indicated the jury resolved the basic credibility dispute against the defendant and would have convicted the defendant of *any* of the various offenses shown by the evidence to have been committed." (*People v. Jones* (1990) 51 Cal.3d 294, 307.)  The *Jones* court agreed with the holding of *People v. Winkle* (1988) 206 Cal.App.3d 822, 830, in which the Second Appellate District, Division Seven, sustained a conviction of one count of lewd conduct based on a child victim's testimony that the

13.

defendant molested her regularly each week, though no prosecutorial election was made and no unanimity instruction was given. (*Jones*, at p. 307.) The *Jones* court noted the *Winkle* defendant "made only a weak attempt to assert an alibi defense; in essence the trial involved a question of credibility and the jury's verdict necessarily implied that it believed the victim. Under such circumstances, no unanimity instruction was needed." (*Jones*, at p. 307.) The *Jones* court concluded, "In a case consisting only of 'generic' evidence of repeated sex acts, it would be impossible for the prosecutor to select a specific act he relies on to prove the charge, or for the jury to unanimously agree the defendant committed the same specific act." (*Id.* at p. 308; accord, *Winkle*, *supra*, at p. 830.) Accordingly, the *Jones* court held, "In a case in which the evidence indicates the jurors might disagree as to the particular act defendant committed, the standard unanimity instruction should be given." (*Jones*, at p. 321.) "But when there is no reasonable likelihood of juror disagreement as to particular acts, and the only question is whether or not the defendant in fact committed all of them, the jury should be given a modified unanimity instruction which, in addition to allowing a conviction if the jurors unanimously agree on specific acts, also allows a conviction if the jury unanimously agrees the defendant committed all the acts described by the victim." (*Id*. at p. 322; accord, CALCRIM No. 3501.)

**B.    Analysis**

Defendant argues the court erroneously failed to sua sponte instruct the jurors on unanimity on counts 1, 2, and 4. Accordingly, he argues, the trial court's instructions permitted the jury to convict him of these counts without agreeing on a single, specific act as the basis of his convictions. The People respond a unanimity instruction was not required and, regardless, any error in failing to give one was harmless. They contend, as to counts 1 and 2, there was no rational basis to distinguish between any of the various acts or assaults committed by defendant. The jury believed Jane Doe 1's testimony that

14.

the consistent, repetitive pattern of acts occurred. Similarly, they argue, the jury's guilty verdict on count 4 demonstrates it found Jane Doe 2's testimony credible and, because there was no basis to distinguish between the various acts, the jury must have believed defendant committed all the alleged acts against Jane Doe 2 if he committed any. We agree with the People; any alleged error by the trial court in failing to give a unanimity instruction was harmless.

The failure to give a unanimity instruction is harmless "if the record indicate[s] the jury resolved the basic credibility dispute against the defendant and would have convicted the defendant of *any* of the various offenses shown by the evidence to have been committed." (*People v. Jones*, *supra*, 51 Cal.3d at p. 307.) Here, even if we assume, arguendo, the trial court erred in failing to sua sponte instruct the jury with a unanimity instruction, we conclude the instructional error was harmless beyond a reasonable doubt.

Defendant's defense to the alleged crimes as evidenced by his counsel's closing argument was to challenge the credibility and reliability of Jane Doe 1 and Jane Doe 2's testimony and, on that basis, to argue the jury could not convict him of the elements of each offense beyond a reasonable doubt, particularly the age elements of counts 1, 2, and 4. The jury's verdict reflects it found Jane Doe 1 and Jane Doe 2 credible, resolving any credibility dispute against defendant and convicting him of all the charged sex offenses. (*People v. Jones*, *supra*, 51 Cal.3d at p. 307.) It also implies the jury "did not believe the only defense offered"—that the victims were not credible. (See *People v. Jennings* (2010) 50 Cal.4th 616, 679 ["There also is no need for a unanimity instruction if the defendant offers the same defense or defenses to the various acts constituting the charged crime"].) Nothing in the evidence presented provided a "rational basis … for the jury to distinguish between the various acts" alleged to have been committed against Jane Doe 1 or Jane Doe 2. (*People v. Thompson* (1995) 36 Cal.App.4th 843, 853.) Therefore, "the jury must have believed beyond a reasonable doubt that defendant committed all acts if he committed any, [so] the failure to give a unanimity instruction is harmless." (*Ibid*)

15.

On this record, we cannot conclude there is a reasonable possibility the verdict would have been different if the jury had been instructed on unanimity. We further conclude any error by the trial court in failing to instruct the jury sua sponte with a unanimity instruction was harmless beyond a reasonable doubt. (See *People v. Thompson*, *supra*, 36 Cal.App.4th at p. 853 ["Where the record indicates the jury resolved the basic credibility dispute against the defendant and therefore would have convicted him of any of the various offenses shown by the evidence, the failure to give the unanimity instruction is harmless"]; accord, *People v. Brown* (1996) 42 Cal.App.4th 1493, 1502 ["The important question is whether there was anything in the record by way of evidence or argument to support discriminating between the two incidents such that the jury could find that appellant committed one molestation but not the other.… There was not.… Failure to deliver a unanimity instruction was harmless beyond a reasonable doubt"]; see generally *People v. Hernandez* (2013) 217 Cal.App.4th 559, 576 [noting split of opinion in appellate courts as to whether harmless error standard of *Chapman v. California* (1967) 386 U.S. 18 or *People v. Watson* (1956) 46 Cal.2d 818 applies in a unanimity instruction case].)

We reject defendant's contention.

## IV. Defendant's Sentence on Count 4 Was Not Unauthorized

Defendant argues his sentence on count 4, which accounted for a multiple victim enhancement, was unauthorized because the enhancement was not alleged as to this count in the information.

### A. Standard of Review and Applicable Law

"Fair notice requires that every sentence enhancement be pleaded in connection with every count as to which it is imposed." (*People v. Anderson* (2020) 9 Cal.5th 946, 956–957; accord, *People v. Houston* (2012) 54 Cal.4th 1186, 1227 ["A defendant has a due process right to fair notice of the allegations that will be invoked to increase the

16.

punishment for his or her crimes"].)  Penal Code section 667.61, subdivision (*o*) specifically states, "The penalties provided in this section shall apply only if the existence of any circumstance specified in subdivision (d) or (e) is alleged in the accusatory pleading pursuant to this section, and is either admitted by the defendant in open court or found to be true by the trier of fact."  (See *People v. Mancebo* (2002) 27 Cal.4th 735, 753–754 ["[T]he express pleading requirements of section 667.61, subdivisions (f) and (i), read together, require that an information afford a One Strike defendant fair notice of the qualifying statutory circumstance or circumstances that are being pled, proved, and invoked in support of One Strike sentencing"].)

Notably, "not every amendment to a pleading—even one that increases the defendant's potential criminal liability—need be made in writing."  (*People v. Anderson*, *supra*, 9 Cal.5th at p. 960.)  The purpose of a statutory pleading requirement is "to give sufficient notice to permit the defense to make informed decisions about the case, including whether to plead guilty, how to allocate investigatory resources, and what strategy to deploy at trial."  (*Id.* at p. 964.)

**B.     Analysis**

Defendant asserts his sentence of 15 years to life on count 4 was unauthorized because the information did not include a Penal Code section 667.61 enhancement allegation, upon which the sentence was based.  The People respond the information was amended on the eve of trial to plead a section 667.61 allegation as to count 4.  They also argue the lack of any objection by defense counsel when the allegation was submitted to the jury demonstrates the amended information properly included the one-strike allegation on count 4.  We conclude the record reflects defendant had sufficient notice of the multiple victim enhancement allegation as to count 4 and the sentence he faced as a result; thus, the related sentence was authorized, and defendant forfeited any objection he had to the information.

17.

"[O]n appeal, a judgment is presumed correct, and a party attacking the judgment, or any part of it, must affirmatively demonstrate prejudicial error." (*People v. Garza* (2005) 35 Cal.4th 866, 881; see *People v. Thompson* (2016) 1 Cal.5th 1043, 1097, fn. 11 ["On appeal, we assume a judgment is correct and the defendant bears the burden of demonstrating otherwise"]; accord, *People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573 ["Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error"].)

Under these circumstances, defendant fails to establish the pleading was defective as to count 4; rather, defendant was given adequate notice of the charges against him and the punishment he faced, including the multiple victim enhancement on count 4. As previously discussed, the information was orally amended on April 2, 2019, to modify count 4 to a felony violation of Penal Code section 288, subdivision (a) and to dismiss count 5, an alleged violation of section 288.5, subdivision (a) with a section 667.61, subdivision (e)(4) enhancement allegation. Defense counsel stipulated to the perfected arraignment. Accordingly, defendant was arraigned and entered a plea of not guilty to all counts. The amended information was then "deemed" filed. A subsequent minute order from April 4, 2019, reflects the charges, including the amended count 4 alleged violation of section 288, subdivision (a) with a section 667.61, subdivision (e)(4) enhancement.

Before opening statements, the clerk read the charges to the jury as "accused by the District Attorney of the County of Kern of the State of California by this Information" stating, in relevant part, "As to all these charges, it is alleged that the defendant committed sexual offenses as to multiple victims." The court informed the jury "[t]he defendant has pled not guilty to the charges." During the jury instruction conference, the court discussed the People's verdict form noting, "It has options of guilty and not guilty. It has the appropriate lesser-included offenses as to Counts 1 through 3 and the enhancement under 667.61(C), which is alleged as to Counts 3 and 4 being

18.

enhancements." He then asked the parties if they had any "issues, questions, or concerns" with the verdict form and both the prosecutor and defense counsel responded, "No." The jury's findings as to counts 3 and 4 included true findings that defendant committed an offense specified in Penal Code section 667.61, subdivision (c) against more than one victim, within the meaning of section 667.61, subdivision (e)(4) "as alleged in the [third and] fourth count of the information."

Accordingly, the record before us reflects defendant was on notice count 4 included an allegation he committed sexual offenses against multiple victims based upon the reading of the information before the jury, the discussion of the jury charge, and the trial court's minute orders. He never objected to the charges or enhancements when they were read to the jury before trial or during the jury instruction conference. He also did not raise the issue at the sentencing hearing or object when sentence was imposed. To the extent defendant now challenges the pleading on the grounds it was defective, he has forfeited this challenge. (See *People v. Houston*, *supra*, 54 Cal.4th at p. 1229 [defendant forfeited his claim indictment was deficient in failing to allege attempted murder was willful, deliberate, and premeditated where trial court "actually notified defendant of the possible sentence he faced before his case was submitted to the jury, and defendant had sufficient opportunity to object to the indictment and request additional time to formulate a defense," and jury was properly instructed and made express findings related to enhancements]; cf. *People v. Anderson*, *supra*, 9 Cal.5th at p. 964 [defendant did not learn of potential sentence he faced until right before the jury left to deliberate on his guilt]; *People v. Mancebo*, *supra*, 27 Cal.4th at pp. 753–754 [sentencing error occurred where trial court substituted an unpled circumstance of multiple victims to support one-strike terms so it could use properly pleaded and proved gun-use circumstances to impose gun-use enhancements].) And we cannot conclude his resulting sentence was unauthorized.

We reject defendant's fourth contention.

**V.    Defendant's Sentence on Count 3 Was Proper and Does Not Violate Defendant's Constitutional Rights**

Defendant argues his sentence on count 3 should have been 15 years to life pursuant to Penal Code section 667.61 because only one section 667.61, subdivision (e) circumstance was found true and he was not charged with a violation of section 667.61, subdivision (j); accordingly, the imposed 25 years to life sentence was unauthorized and violated his due process rights.  We disagree.

**A.    Relevant Procedural History**

The information charged defendant in count 3 with a violation of Penal Code section 288.5, subdivision (a), stating defendant "was a person who resided with or had recurring access to a child under the age of 14, Jane Doe #1 …, [and] who, over a period of not less than three months engaged in three or more acts of substantial sexual conduct as defined in Penal Code section 1203.066(b), or three or more acts of lewd and lascivious conduct under Penal Code section 288, in violation of Penal Code section 288.5(a)."  (Some capitalization omitted.)  It further alleged as an enhancement to count 3 that "defendant has been convicted in the present case or cases of committing an offense specified in section 667.61(c) of the Penal Code against more than one victim, within the meaning of Penal Code section 667.61(e)(4)."  (Some capitalization omitted.)  As discussed, the jury found defendant guilty of count 3 as charged and found true the related enhancement allegation.

**B.    Applicable Law**

The one strike law creates an alternative, harsher sentencing scheme of either 15 or 25 years to life for certain enumerated sex offenses accompanied by additional specified factual findings.  (Pen. Code, § 667.61; see *People v. Mancebo*, *supra*, 27 Cal.4th at pp. 741–742.)  A section 288.5 violation of continuous sexual abuse of a child is included in the list of qualifying one strike crimes per section 667.61, subdivision (c)(9).  Subdivision (e)(4) contains a multiple victim aggravating circumstance:  "The

defendant has been convicted in the present case … of committing an offense specified in subdivision (c) against more than one victim." (§ 667.61, subd. (e)(4).)

Except as provided for in subdivision (j), (*l*), or (m) of Penal Code section 667.61, when a subdivision (c) offense is committed and two or more subdivision (e) circumstances exist, the punishment is 25 years to life. (§ 667.61, subd. (a).) And except as provided for in subdivision (j), (*l*), or (m), when a section 667.61, subdivision (c) conviction occurs with only one subdivision (e) circumstance, the punishment is 15 years to life. (§ 667.61, subd. (b).)

Penal Code section 667.61, subdivision (j)(2) provides an exception stating "[a] person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e), upon a victim who is a child under 14 years of age, shall be punished by imprisonment in the state prison for 25 years to life."

In *People v. Jimenez* (2019) 35 Cal.App.5th 373 (*Jimenez*), the Sixth Appellate District held the failure to expressly plead Penal Code section 667.61, subdivision (j)(2) did not provide sufficient notice this provision might apply at sentencing. (*Jimenez*, *supra*, at p. 397.) There, the defendant was charged with, among other things, 13 sex crimes against more than one victim. (*Id*. at pp. 377–378, 394.) In expressly pleading a multiple victim circumstance for each of these 13 crimes, the charging document referred only to subdivisions (b) and (e) of section 667.61. (*Jimenez*, at p. 394.) The trial court sentenced the defendant to 25-year-to-life terms under section 667.61, subdivision (j)(2) for nine of these crimes, which involved children under the age of 14 years. (*Jimenez*, at pp. 378, 394.) On appeal, the defendant claimed the charging document referenced only section 667.61, subdivision (b), and it did not give him fair notice of the 25-year-to-life term imposed under subdivision (j)(2) for committing the qualifying offenses upon multiple victims, at least one of whom was under the age of 14 years. (*Jimenez*, at pp. 395, 397.) The *Jimenez* court held the information did not put the defendant on notice he could be sentenced to terms of 25 years to life under subdivision (j)(2) for committing

21.

those offenses upon multiple victims, at least one of whom was under 14 years of age. (*Jimenez*, at p. 397.)  Accordingly, the failure to plead the enhancement under section 667.61, subdivision (j)(2) precluded sentencing based on that provision; thus, the imposed sentence was unauthorized and violated the defendant's constitutional right to due process.  (*Jimenez*, at p. 397.)

Two Courts of Appeal subsequently disagreed with *Jimenez* in published decisions.  In *In re Vaquera* (2019) 39 Cal.App.5th 233 (*Vaquera*), review granted November 26, 2019, S258376, the defendant argued his due process rights were violated by the trial court's imposition of a 25-year-to-life sentence under Penal Code section 667.61, subdivision (j)(2) because that subdivision was not expressly alleged in the information.  (*Vaquera*, *supra*, at p. 238.)  Rather, the prosecution had alleged a multiple victim circumstance under section 667.61, subdivision (e)(4) in combination with section 667.61, subdivision (b), like in *Jimenez.*  (*Vaquera*, *supra*, at pp. 235–236.)  In *Vaquera*, however, the court concluded the pleading complied with due process principles and supplied the defendant with sufficient notice of the harsher term of 25 years to life under section 667.61, subdivision (j)(2).  (*Vaquera*, at pp. 240–242.)  Although the charging document cited section 667.61, subdivision (b), which provides for a term of 15 years to life, that statutory reference put the defendant on notice he faced the harsher term under subdivision (j)(2).  (*Vaquera*, at p. 235.)  The language of the facts alleged in the information put the defendant on notice the counts against him involved children under the age of 14 years.  (*Id.* at pp. 240–241.)  The charges themselves required the prosecution to prove the victims were under the age of 14 years at the time of the offenses, and the information expressly pleaded both children were under the age of 14 years at the time of the offenses.  (*Id.* at pp. 236, 240–241.)  Moreover, the *Vaquera* court observed section 667.61, subdivision (j)(2) was expressly referenced in section 667.61, subdivision (b) as an exception.  (*Vaquera*, *supra*, at pp. 241–242.)  The court also concluded no prejudice had been shown.  (*Id.* at p. 242.)  Finally, the *Vaquera* court

distinguished *People v. Mancebo*, *supra*, 27 Cal.4th 735—in which the court imposed a multiple victim circumstance though it was not pleaded—and *People v. Wilford* (2017) 12 Cal.App.5th 827—in which the information specifically referenced a provision providing a specified sentencing triad with no exceptions, though the defendant was sentenced under a different provision. (*Vaquera*, *supra*, at pp. 242–244.)

In *People v. Zaldana* (2019) 43 Cal.App.5th 527 (*Zaldana*), review granted March 18, 2020, S259731, the court also declined to follow *Jimenez*. Like *Jimenez* and *Vaquera*, the charging document alleged that "'within the meaning of Penal Code section 667.61(b) and (e)(4) … [t]he defendant … committed an offense specified in Section 667.61(c) against more than one victim.'" (*Zaldana*, *supra*, at p. 535.) The *Zaldana* court concluded the reference to section 667.61, subdivision (b) in the pleading did not result in deficient notice of the harsher penalty that would apply under section 667.61, subdivision (j)(2) because subdivision (j)(2) is expressly referenced in subdivision (b) as an exception to the shorter 15-year-to-life term provided for in subdivision (b). (*Zaldana*, at p. 535.) Because the information alleged that both of the defendant's victims were under the age of 14 years when he molested them, there was no doubt he was on notice he could be subject to subdivision (j)(2). (*Zaldana*, at p. 535.)

The *Zaldana* court rejected the defendant's argument that by citing Penal Code section 667.61, subdivision (b), the prosecutor must have been exercising charging discretion to select the lower 15-year-to-life term provided therein, rather than the longer 25-year-to-life term provided in section 667.61, subdivision (j)(2). (*Zaldana*, *supra*, 43 Cal.App.5th at p. 535, review granted.) The court explained that subdivision (b) expressly states that a sentence of 15 years to life is required "''[e]xcept as provided in subdivision … (j) ….'''" (*Zaldana*, *supra*, at p. 536, quoting *Vaquera*, *supra*, 39 Cal.App.5th at p. 245, review granted.) "'And section 667.61, subdivision (j)(2), *requires* that any person coming under its provisions "*shall be punished* by imprisonment in the state prison for 25 years to life." (Italics added.) Because the Legislature used the

23.

word "shall," and because the prosecution properly pleaded and proved multiple victim allegations for qualifying sex offenses in which the victims were under 14 years of age, the trial court was *required* to impose a 25-year-to-life sentence under section 667.61, the One Strike law.'" (*Ibid.*)

### C. Analysis

Defendant asserts he was convicted in count 3 of continuous sexual abuse of a child (in violation of Pen. Code, § 288.5, subd. (a)) and the jury found true a multiple victim allegation pursuant to section 667.61, subdivisions (c) and (e)(4). He argues his sentence should have been 15 years to life pursuant to section 667.61 because only one section 667.61, subdivision (e) circumstance was found true; accordingly, the 25-year-to-life sentence was unauthorized and violated his due process rights. In response, the People argue defendant was properly sentenced to a term of 25 years to life under section 667.61, subdivision (j)(2) because the qualifying sex offense was committed against a victim under 14 years of age and the jury found true the multiple victim allegation as to count 3. In his reply and supplemental briefing, defendant asserts his sentence for count 3 was unauthorized because the accusatory pleading did not allege a violation of section 667.61, subdivision (j)(2), relying on *Jimenez*, *supra*, 35 Cal.App.5th at pages. 393–397. Relying on *Vaquera*, *supra*, 39 Cal.App.5th 233, review granted, the People respond the information in this case complied with the one strike law pleading and proof requirements, and defendant had sufficient notice he faced the sentence proscribed by section 667.61, subdivision (j)(2). We agree with the People.

Here, the information specifically alleged defendant committed the sexual offenses alleged in count 3 against Jane Doe 1, a child under the age of 14 years, in violation of Penal Code section 288.5, subdivision (a), a qualifying offense under section 667.61, subdivision (c)(9). And count 3 involved the multiple victim circumstance under section 667.61, subdivision (e)(4). These facts gave defendant fair notice he faced a sentence

24.

under section 667.61, subdivision (j)(2)—the only sentencing provision of the one strike law that applies to qualifying offenses against victims under the age of 14 years in the presence of one qualifying circumstance under section 667.61, subdivision (e).

We note the multiple victim circumstance here was pled differently from those alleged in *Jimenez*, *Vaquera*, and *Zaldana*. Here, the special allegation invoking application of the one strike law did not reference Penal Code section 667.61, subdivision (b); instead, the information alleged, in the commission of the underlying crime, defendant has been convicted in the present case or cases of committing an offense specified in section 667.61, subdivision (c) against more than one victim within the meaning of section 667.61 subdivision (e)(4). The lack of reference to section 667.61, subdivision (b) in the information is even more straightforward than the pleadings in *Vaquera* and *Zaldana*. In both of those cases, the defendants argued reference to subdivision (b) in the one strike allegations was essentially an exercise of the prosecutor's charging discretion to select sentencing under subdivision (b) rather than subdivision (j)(2). As both *Zaldana* and *Vaquera* explained, application of section 667.61, subdivision (j)(2) is mandatory when the prosecutor properly pleads and proves the multiple victim circumstance for qualifying sex offenses in which the victims are under the age of 14 years. Subdivision (b) expressly states it applies "[*e*]*xcept as provided in subdivision … (j),*" and subdivision (j)(2) states that any person coming within its provisions "*shall* be punished by imprisonment in the state prison for 25 years to life." (§ 667.61, subds. (b), (j)(2), italics added; accord, *Zaldana*, *supra*, 43 Cal.App.5th at pp. 535–536, review granted; *Vaquera*, *supra*, 39 Cal.App.5th at p. 245, review granted.)

Without any citation to Penal Code section 667.61, subdivision (b) in the information here, there is no basis on which defendant could conclude the prosecutor was making such an election. Further, because conviction of the qualifying offense under section 667.61, subdivision (c) was dependent on proving the victim was under the age of

25.

14 years, the only applicable sentencing provision under the one strike law was section 667.61, subdivision (j)(2).

Accordingly, even without express citation to Penal Code section 667.61, subdivision (j)(2), the law cited and the facts alleged in the information gave defendant fair notice he necessarily faced the 25-year-to-life term under subdivision (j)(2) of section 667.61 on count 3 pursuant to the one strike law if the qualifying offense and the multiple victim circumstance under section 667.61, subdivision (e)(4) were proven. Put differently, the prosecutor alleged an underlying offense that necessarily required proving the victim was under the age of 14 years at the time of the offense—a fact expressly pleaded and proved; the information included a special allegation under the one strike law that count 3 was a qualifying offense under section 667.61, subdivision (c) and the multiple victim circumstance applied under section 667.61, subdivision (e). The specific statutory pleading requirements were thus met under section 667.61, subdivision (*o*), and, under the express language of the statute, only subdivision (j)(2) could apply if defendant was convicted of the qualifying offenses and the special one strike allegations were found true. Thus, defendant had adequate notice of the sentence he faced and his due process rights were not violated.

We reject defendant's contention.

## VI. Defendant Has Not Established the Court Was Unaware It Had Discretion in Sentencing Him

Defendant next argues he was denied an "informed exercise of sentencing discretion" when the court imposed 80 years to life without considering whether his sentences on each count should run concurrently. We reject this contention.

### A. Relevant Procedural History

At the sentencing hearing, the court stated on the record it had received and reviewed the letters in support of sentencing submitted on behalf of defendant along with the victims' statements. It also indicated it considered the presentence investigation

report submitted by the probation department and the victims' testimonies, which the court heard during the trial.

The probation report submitted to the court advised consecutive sentencing was not mandatory in this case:

> "The present offense involves separate victims and the same victim on separate occasions; however, the convicted charges are not crimes listed under PC 667.6(e); therefore, mandated fully consecutive sentencing (pursuant to subsection (d)) does not apply in this case."

The probation report, however, recommended consecutive sentencing, reasoning:

> "Case facts reflect numerous separate and distinct facts of sexual misconduct as to [Jane Doe] 1 and Count 4 involves a separate victim, consecutive sentencing is justified:

> "(1). The crimes and their objectives were predominantly independent of each other.

> "(2). The crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior.

> "(3). The crimes involved separate acts of violence or threats of violence.

> "However, if the Court determines Counts One and Two are encompassed in Count Three, instead of Count Three being a distinct crime, it would be recommended Count Three be stayed pursuant to PC 654, including the Count's PC 290.3 fine. Based on the analysis provided above, it is recommended the defendant be sentenced to 25 years to Life, plus 15 years to Life, plus 25 years to Life, plus 15 years to Life."

Before sentencing defendant, the court asked the parties if they had any comments. Defense counsel stated, "I know the Court has to follow the statutory sentencing structure but I would ask that the sentencing letters be included in his file that's sent onward to the Department of Corrections. They may be of use to him for social workers or counselors there." The court agreed.

27.

The court then sentenced defendant to 25 years to life on counts 1 and 3, and to 15 years to life on counts 2 and 4, with all the sentences to run consecutively. After announcing defendant's sentences, the court asked if either party had further comments; both the prosecutor and defense counsel said, "No."

## B.     Standard of Review and Applicable Law

"'Generally, when the record shows that the trial court proceeded with sentencing on the erroneous assumption it lacked discretion, remand is necessary so that the trial court may have the opportunity to exercise its sentencing discretion at a new sentencing hearing. [Citations.] Defendants are entitled to "sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court," and a court that is unaware of its discretionary authority cannot exercise its informed discretion.'" (*People v. Woodworth* (2016) 245 Cal.App.4th 1473, 1480; see *People v. Brown* (2007) 147 Cal.App.4th 1213, 1228; accord, *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)

"Remand for resentencing is not required, however, if the record demonstrates the trial court was aware of its sentencing discretion. [Citations.] Further, remand is unnecessary if the record is silent concerning whether the trial court misunderstood its sentencing discretion. Error may not be presumed from a silent record. [Citation.] '"[A] trial court is presumed to have been aware of and followed the applicable law." [Citations.]' [Citation.]" (*People v. Brown*, *supra*, 147 Cal.App.4th at pp. 1228–1229.)

A trial court has broad discretion to decide whether to run prison terms on multiple offenses concurrently or consecutively. (*People v. Clancey* (2013) 56 Cal.4th 562, 579.) The court "shall state the reasons for its sentence choice on the record at the time of sentencing." (Pen. Code, § 1170, subd. (c).) "[I]n the absence of a clear showing that its sentencing decision was arbitrary or irrational, a trial court should be presumed to have acted to achieve legitimate sentencing objectives and, accordingly, its discretionary

determination to impose consecutive sentences ought not be set aside on review." (*People v. Giminez* (1975) 14 Cal.3d 68, 72.)

California Rules of Court, rule 4.425 lists factors affecting whether concurrent or consecutive sentences should be imposed, which include whether: "(1) The crimes and their objectives were predominantly independent of each other; [¶] (2) The crimes involved separate acts of violence or threats of violence; or [¶] (3) The crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior."

"[C]omplaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 356 (*Scott*).) "The reviewing court cannot substitute its reasons for those omitted or misapplied by the trial court, nor can it reweigh valid factors bearing on the decision below." (*Id*. at p. 355.)

> "[T]he *Scott* rule applies when the trial court 'clearly apprise[s]' the parties 'of the sentence the court intends to impose and the reasons that support any discretionary choices' [citation], and gives the parties a chance to seek 'clarification or change' [citation] by objecting to errors in the sentence. The parties are given an adequate opportunity to seek such clarifications or changes if, at *any time* during the sentencing hearing, the trial court describes the sentence it intends to impose and the reasons for the sentence, and the court thereafter considers the objections of the parties before the actual sentencing. The court need not expressly describe its proposed sentence as 'tentative' so long as it demonstrates a willingness to consider such objections…. [¶] It is only if the trial court fails to give the parties any meaningful opportunity to object that the *Scott* rule becomes inapplicable." (*People v. Gonzalez* (2003) 31 Cal.4th 745, 752.)

### C.     Analysis

Defendant asserts he "was denied an informed exercise of sentencing discretion" because the court imposed consecutive sentences "without any consideration of concurrent sentences, despite abundant mitigating circumstances." He cites his age (67), the lack of a prior record, his health issues, and the letters regarding his character

submitted on his behalf at sentencing as mitigating factors. In a related contention discussed further *post*, defendant asserts his counsel was ineffective in failing to advocate for concurrent sentences. The People respond defendant forfeited his challenge to the court's decision to run his sentences consecutively by failing to object. They further contend his claim fails on its merits because he did not establish the court did not know it had discretion to sentence him concurrently.

We agree with the People that defendant forfeited his sentencing claim because he did not object at any time during the sentencing hearing. (*Scott*, *supra*, 9 Cal.4th at p. 353; *People v. Gonzalez*, *supra*, 31 Cal.4th at p. 751; accord, *People v. Boyce* (2014) 59 Cal.4th 672, 731 [defendant forfeited claim that trial court had given no reasons for imposing consecutive sentences because court "adjourned after asking counsel if there was anything else to discuss," and "[a]t no time did defense counsel lodge his objections to the imposition of consecutive sentences, or request a continuance"]; *People v. Sperling* (2017) 12 Cal.App.5th 1094, 1100–1101 [defendant waived claim court failed to consider several mitigating factors by failing to object at sentencing hearing]; *People v. Kelley* (1997) 52 Cal.App.4th 568, 582 [*Scott* forfeiture doctrine applies where defendant complains for first time on appeal trial court failed to consider relevant mitigating factors]; *People v. Ortiz* (2012) 208 Cal.App.4th 1354, 1372, fn. 6 ["To the extent Ortiz … argues the trial court erred by making the three-year term *consecutive* to his life term, … he waived any error by not timely and specifically objecting to that purported error"].)

Irrespective, this claim would fail on its merits. As discussed, generally, """"a trial court is presumed to have been aware of and followed the applicable law.""" (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 398.) And here, nothing in the record affirmatively shows the trial court was unaware of its discretion to sentence defendant to concurrent sentences. (See *People v. Lee* (2017) 16 Cal.App.5th 861, 866–867 [error will not be presumed absent affirmative showing trial court misunderstood its sentencing discretion].) To the contrary, the probation report stated consecutive

sentences were not mandatory but recommended them on the grounds the crimes and their objectives were predominantly independent of each other; they were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior; and they "involved separate acts of violence or threats of violence." And, at the sentencing hearing, the court expressly stated it considered the presentence probation report along with the statements submitted by the defense and the victims' impact statements and testimonies in making its sentencing decision.

Nor does the record clearly establish the trial court's decision to run the sentences on each count consecutively was arbitrary or irrational. The court is presumed to have acted to achieve legitimate sentencing objectives in sentencing defendant to consecutive terms. (See *People v. Carmony* (2004) 33 Cal.4th 367, 376–377 [""[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review""].)

Accordingly, we reject defendant's contention.

## VII.   Defendant Fails to Establish Ineffective Assistance of Counsel

Defendant next argues his counsel provided ineffective assistance at the sentencing hearing. We disagree.

### A.   Standard of Review

A defendant claiming ineffective assistance of counsel must satisfy the two-part test of *Strickland v. Washington* requiring a showing of counsel's deficient performance and prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 687 (*Strickland*).) As to deficient performance, a defendant "must show that counsel's representation fell below

31.

an objective standard of reasonableness" measured against "prevailing professional norms." (*Id.* at p. 688.)

In evaluating trial counsel's actions, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." (*Strickland*, *supra*, 466 U.S. at p. 689; see *People v. Dennis* (1998) 17 Cal.4th 468, 541.) Thus, a defendant must overcome the presumption that the challenged action might be considered sound trial strategy under the circumstances. (*Strickland*, *supra*, at p. 689; *Dennis*, *supra*, at p. 541.) "Reasonableness must be assessed through the likely perspective of counsel at the time." (*People v. Ochoa* (1998) 19 Cal.4th 353, 445.)

The prejudice prong requires a defendant to establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Strickland*, *supra*, 466 U.S. at p. 694.) "A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Ibid.*)

## B.    Applicable Law

"[S]crutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. [Citation.] A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' [Citation.]" (*Strickland*, *supra*, 466 U.S. at p. 689.)

On direct appeal, when no explanation for counsel's conduct can be found in the record, "we must reject the claim [of ineffective assistance of counsel] on appeal unless counsel was asked for and failed to provide a satisfactory explanation, or there simply

32.

can be no satisfactory explanation." (*People v. Scott* (1997) 15 Cal.4th 1188, 1212; see *People v. Hernandez* (2004) 33 Cal.4th 1040, 1053.)

## C. Analysis

Defendant asserts his counsel was ineffective by (1) failing to be familiar with sentencing alternatives available to the court, (2) not ensuring the court was aware of its sentencing alternatives, (3) conceding the court had to "'follow the statutory sentencing structure,'" (4) asking "only that mitigating letters be included in his file for forwarding to the Department of Corrections," (5) not advocating for concurrent sentences, and (6) not ensuring the court was aware of and that it exercised its informed discretion in sentencing. He argues he was prejudiced as a result because "[m]itigating personal factors abounded." We cannot conclude defendant has met his burden of establishing ineffective assistance of counsel.

As the reviewing court, we must defer to counsel's reasonable tactical decisions and indulge the strong presumption that counsel's conduct at the sentencing hearing fell within the wide range of reasonable professional assistance. (See *People v. Hinton* (2006) 37 Cal.4th 839, 876.) And here the record does not disclose counsel's reasons for acting or failing to act in the manner challenged. (*People v. Maury* (2004) 30 Cal.4th 342, 389 ["To the extent the record on appeal fails to disclose why counsel acted or failed to act in the manner challenged, we will affirm the judgment unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation"]; *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266 [same].) There is also no evidence defense counsel failed to familiarize himself with the available sentencing alternatives.

But the record does reflect the trial court had information regarding the available sentencing alternatives and defendant's age, health, and lack of prior record before it as detailed in the probation report. Specifically, the probation report states defendant's

health was "Poor"; he was considered "disabled"; he previously had a heart attack, and was taking medications for diabetes, high blood pressure, and a hernia. It also lists as an aggravating factor that "defendant took advantage of a position of trust or confidence to commit the offense," and, as a circumstance in mitigation, that defendant had no known prior record of criminal conduct. And, as discussed, the report further advised the court that consecutive sentencing was not mandatory. The record from the sentencing hearing reflects the court reviewed and considered the report and letters submitted by the defense prior to sentencing defendant. On this record, we cannot conclude defendant has overcome the strong presumption that defense counsel's comments at sentencing or his failure to further discuss the sentencing alternatives and circumstances in mitigation at the sentencing hearing fell outside of the range of reasonable professional assistance.

Moreover, a claim of ineffective assistance of counsel can be disposed of without inquiry into counsel's possible tactical reasons for his or her actions if the reviewing court can determine that even if there was attorney error it was not prejudicial. (*People v. Kipp* (1998) 18 Cal.4th 349, 366–367; *Strickland, supra*, 466 U.S. at p. 697.) Here, even assuming deficient performance by defense counsel at the sentencing hearing, the record does not demonstrate a reasonable probability that absent counsel's statements at sentencing and his alleged failure to emphasize the mitigating evidence and the sentencing alternatives, the result of the proceeding would have been different.

As discussed, the record establishes the court had the letters submitted on defendant's behalf and the information regarding defendant's age, his poor health, and his lack of a prior record before it in the presentence probation report. The presentence report also informed the court consecutive sentences were not mandatory. And the court expressly stated it considered the report before sentencing defendant.

Under these circumstances, we cannot conclude it is reasonably probable the court would have rendered a different conclusion had defense counsel argued the specifics of the sentencing alternatives and further emphasized defendant's age, health, lack of a prior

34.

record, and character evidence. (See *People v. Jacobs* (2013) 220 Cal.App.4th 67, 76 [defendant not prejudiced by counsel's alleged failure to sufficiently argue mitigating factors at sentencing where circumstances in mitigation were reflected in probation reports and defendant did not identify any mitigating circumstances of which the court was unaware or which would have reasonably supported a lower sentence]; accord, *People v. Maury*, *supra*, 30 Cal.4th at p. 389 ["prejudice must be affirmatively proved; the record must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"].) Accordingly, we cannot conclude defendant has met his burden of establishing he was prejudiced by defense counsel's alleged ineffectiveness.

We reject defendant's final contention.

## DISPOSITION

The judgment is affirmed.

PEÑA, J.

WE CONCUR:


FRANSON, Acting P. J.


DE SANTOS, J.